BRYANT, Judge.
 

 *179
 
 Where defendant was tried without objection and convicted on a misdemeanor citation in district court, appealed the conviction for a trial
 
 de novo
 
 in superior court and was convicted by jury on the same misdemeanor citation, again without objection to the citation, defendant's challenge to the jurisdiction of the trial court is without merit.
 

 On 27 July 2013, defendant Juan Fitzgerald Allen was issued North Carolina Uniform Citations charging him with willfully operating a motor
 
 *180
 
 vehicle on a street or highway/public vehicular area (1) while subject to an impairing substance, (2) while his drivers' license was revoked, (3) while displaying an expired registration plate knowing the same to be expired, (4) without having a current electronic inspection, such vehicle requiring such an inspection, and (5) for transporting an open container of fortified wine or spirituous liquor. Defendant submitted to a chemical analysis of his breath approximately one hour after his arrest and registered a 0.23 blood alcohol level. The record indicates that a bench trial was held in Surry County District Court followed by a trial
 
 de novo
 
 commenced on 21 January 2015, during the criminal session in Surry County Superior Court, the Honorable Stuart Albright, Judge presiding.
 

 During a pre-trial conference in superior court, the State made an unchallenged oral motion before the trial court to join for trial the charges of transporting fortified wine or spirituous liquor without being in an unopened original container, driving while impaired,
 
 *800
 
 and driving while license revoked. The State took a voluntary dismissal on charges of driving with an expired registration and no vehicle inspection. The matter proceeded to trial before a jury.
 

 Following the presentation of all evidence and the trial court's instruction to the jury, the jury returned guilty verdicts against defendant for impaired driving, driving a motor vehicle on a highway while his driver's license was revoked, and transporting within the passenger area of a motor vehicle spirituous liquor in other than the manufacturer's unopened original container. The jury further found as an aggravating factor that "[a]t the time of the offense, ... defendant's license was revoked because of impaired driving." Based on the jury's finding of the aggravating factor, the trial court arrested judgment on the offense of driving a motor vehicle on a highway while his driver's license was revoked. In accordance with the remaining jury verdicts, the trial court entered judgment against defendant for the offense of impaired driving and sentenced him to an active term of two years. Judgment was entered against defendant for transporting an open container of spirituous liquor, for which he was sentenced to an active term of twenty days, to be served concurrent with his DWI sentence. Defendant entered written notice of appeal.
 

 _________________________
 

 On appeal, defendant argues the trial court lacked jurisdiction to try him for transporting an open container of spirituous liquor, a misdemeanor, when the charging citation failed to allege an essential element of that offense. Specifically, defendant contends that the charging
 
 *181
 
 citation was fatally defective as it failed to allege that the open container was transported in the passenger area of defendant's vehicle. We disagree.
 

 "There can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity."
 
 McClure v. State,
 

 267 N.C. 212
 
 , 215,
 
 148 S.E.2d 15
 
 , 17-18 (1966) (citations and quotation marks omitted). "[A] citation ... serves as the pleading of the State for a misdemeanor prosecuted in the district court, unless the prosecutor files a statement of charges, or there is objection to trial on a citation." N.C. Gen.Stat. § 15A-922(a) (2015). "A citation is a directive, issued by a law enforcement officer or other person authorized by statute, that a person appear in court and answer a misdemeanor or infraction charge or charges."
 

 Id.
 

 § 15A-302(a) (2015). "The citation must: (1) [i]dentify the crime charged, including the date, and where material, identify the property and other persons involved[.]"
 

 Id.
 

 § 15A-302(c).
 

 Initially, we note that a defendant may object to a trial on a citation; "[a] defendant charged in a citation with a criminal offense may by appropriate motion require that the offense be charged in a new pleading."
 

 Id.
 

 § 15A-922(c). However, this Court has held that a defendant may not challenge the derivative jurisdiction of the superior court to try a misdemeanor offense on a citation, where that challenge was not raised before the district court.
 
 See
 

 State v. Phillips,
 

 149 N.C.App. 310
 
 , 318,
 
 560 S.E.2d 852
 
 , 857 (2002) ("[A] defendant's objection to trial by citation must be asserted in the court of original jurisdiction, in this case, the district court.
 
 See
 

 State v. Monroe,
 

 57 N.C.App. 597
 
 , 599,
 
 292 S.E.2d 21
 
 , 22 (1982).... Thus, ... '[o]nce jurisdiction had been established and [the] defendant had been tried in district court, ... he was no longer in a position to assert his statutory right to object to trial on citation when he appealed to superior court.'
 

 Id.
 

 ").
 

 Defendant appeals from the conviction by jury of a misdemeanor allowed by his
 
 de novo
 
 appeal to superior court. "[T]he superior court has jurisdiction to try a misdemeanor ... [w]hen a misdemeanor conviction is appealed to the superior court for trial de novo...." N.C. Gen.Stat. § 7A-271(a)(5) (2015). The record does not indicate that defendant-tried and convicted in district court before his appeal to superior court for a trial
 
 de novo
 
 -challenged the charges in the citation during proceedings in the district court, or the superior court. Now before this Court, defendant raises this challenge to the jurisdiction of the trial courts for the first time. We acknowledge defendant is allowed
 
 *182
 
 to challenge jurisdiction for the first time on appeal.
 
 See
 
 N.C. R.App. P. 10(a)(1) (2015)
 
 *801
 
 ("[W]hether the court had jurisdiction over the subject matter, and whether a criminal charge is sufficient in law, may be made the basis of an issue presented on appeal."). However, the ability to raise a jurisdictional challenge at any time does not ensure that the jurisdictional challenge has merit.
 

 Defendant argues that "[a] citation, like a warrant or an indictment, may serve as a pleading in a criminal case and must therefore allege lucidly and accurately all the essential elements of the [crime] ... charged." However, defendant fails to direct our attention to any opinion from this Court or other authority equating the requirements for a valid citation with those of a valid indictment, and we find none.
 
 Compare
 
 id.
 

 § 15A-302(c) ("The citation must: (1) Identify the crime charged, including the date, and where material, identify the property and other persons involved[.]"),
 
 with
 
 id.
 

 § 15A-644(a)(3) ("An indictment must contain: ... (3) Criminal charges pleaded as provided in Article 49 of [Chapter 15A], Pleadings and Joinder[.]");
 
 see also
 

 State v. Hunt,
 

 357 N.C. 257
 
 , 267,
 
 582 S.E.2d 593
 
 , 600 (2003) ("An indictment, as referred to in [ N.C. Const. art. I, § 22 ] ..., is a written accusation of a crime drawn up by the public prosecuting attorney and submitted to the grand jury, and by them found and presented on oath or affirmation as a true bill. To be sufficient under our Constitution, an indictment must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." (citation and quotation marks omitted));
 
 State v. Jones,
 

 157 N.C.App. 472
 
 , 477,
 
 579 S.E.2d 408
 
 , 411 (2003) ("[A] citation is not an indictment[.]").
 

 On 27 July 2013, defendant was issued a Uniform Citation by a law enforcement officer with the Mt. Airy Police Department: "Defendant did unlawfully and willfully operate a (motor) vehicle on a (street or highway) (public vehicular area) transport open container of fortified wine/spirituous liquor unopened original container G.S. 18B-401(a)." Section 401 of General Statutes Chapter 18B ("Regulation of Alcoholic Beverages") states that "[i]t shall be unlawful for a person to transport fortified wine or spirituous liquor in the passenger area of a motor vehicle in other than the manufacturer's unopened original container.... Violation of this subsection shall constitute a Class 3 misdemeanor." N.C. Gen.Stat. § 18B-401(a) (2015).
 

 Defendant argues that the citation failed to state that he transported the fortified wine or spirituous liquor "in the passenger area" of his motor vehicle and as such, is fatally defective to confer jurisdiction. Defendant contends that the citation failed to include an essential element of the crime charged and that a citation, which may be issued by
 
 *183
 
 a law enforcement officer,
 
 see
 
 N.C.G.S. § 15A-302(b) ("An officer may issue a citation to any person who he has probable cause to believe has committed a misdemeanor or infraction."), is to be held to the same standard as an indictment issued by a grand jury,
 
 see
 
 N.C. Gen.Stat. § 15A-641(a) (2015) ("Any indictment is a written accusation by a grand jury, filed with a superior court, charging a person with the commission of one or more criminal offenses."). Defendant's contention does not comport with the statutory law of North Carolina, where the standard for issuance of an indictment is not precisely the same as a citation.
 

 Nevertheless, in pertinent part, General Statutes, section 15A-302 states that a citation must "[i]dentify the crime charged." N.C.G.S. § 15A-302(c). As noted above, the citation issued to defendant on 27 July 2013 sufficiently identified the crime charged-transporting an open container of fortified wine or spirituous liquor while operating a motor vehicle-and put defendant on notice of the charge. Defendant was tried on the citation at issue without objection in the district court, and by a jury in the superior court on a trial
 
 de novo.
 
 Thus, once jurisdiction was established and defendant was tried in the district court, "he was no longer in a position to assert his statutory right to object to trial on citation...."
 
 Monroe,
 

 57 N.C.App. at 599
 
 ,
 
 292 S.E.2d at 22
 
 . Therefore, defendant's challenge to the trial court's jurisdiction is without merit.
 

 NO ERROR.
 

 Judges GEER and McCULLOUGH concur.