IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-59

 Filed: 5 September 2017

Wake County, No. 15CRS701096

STATE OF NORTH CAROLINA,

 v.

DARYL JONES, Defendant.

 Appeal by defendant from judgment entered 15 June 2016 by Judge G. Bryan

Collins, Jr. in Wake County Superior Court. Heard in the Court of Appeals 8 June

2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Carole
 Biggers, for the State.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R.
 Grant, for defendant-appellant.

 BERGER, Judge.

 Daryl Lamont Jones (“Defendant”) appeals from the judgment entered

following his conviction for operating a motor vehicle with an open container of

alcohol while alcohol remained in his system. Defendant alleges the trial court lacked

subject matter jurisdiction, arguing the citation issued to Defendant failed to state

facts establishing each of the elements of the statutory offense. We disagree.

 Factual & Procedural Background
 STATE V. JONES

 Opinion of the Court

 On January 4, 2015, Officer Donnie Johnson with the Raleigh Police

Department stopped a vehicle driven by Defendant on New Bern Avenue. Officer

Johnson estimated Defendant’s speed to be approximately sixty-five miles per hour

in a forty-five mile-per-hour zone. Officer Johnson approached Defendant’s vehicle

and noticed an open can of beer in the center console of Defendant’s vehicle. After

determining Defendant was not impaired, Officer Johnson issued Defendant a

citation for speeding and operating a vehicle with an open container of alcohol in the

car, while alcohol remained in his system. The citation read as follows:

 The officer named below has probable cause to believe that
 on or about Sunday, the 04 day of January, 2015 at
 10:16PM in [Wake] [C]ounty . . . [Defendant] did
 unlawfully and willfully OPERATE A MOTOR VEHICLE
 ON A STREET OR HIGHWAY AT A SPEED OF 62 MPH
 IN A 45 MPH ZONE. (G.S. 20-141(J1))
 and on or about Sunday, the 04 day of January, 2015 at
 10:16PM in [Wake] [C]ounty . . . [Defendant] did
 unlawfully and willfully WITH AN OPEN CONTAINER
 OF ALCOHOLIC BEVERAGE AFTER DRINKING. (G.S.
 20-138.7(A))[.]

(Emphasis added). In addition, the officer’s comments contained the following:

“OPEN COORS LIGHT IN CENTER CONSOLE. HALF CONSUMED, STILL WITH

CONDENSATION ON IT. . . . PULLED OUT OF DONALD ROSS DR[.] AND SPED

UP TO 62MPH. PURSUED FOR NEARLY 1/2 MILE BEFORE SLOWING DOWN

[IN FRONT OF] WAKE MED.”

 -2-
 STATE V. JONES

 Opinion of the Court

 Defendant was convicted of both offenses in District Court, and appealed the

conviction to Superior Court. At trial in Superior Court, Defendant made a motion

to dismiss the open container charge at the close of the State’s evidence, arguing that

the citation was “fatally defective” and the trial court lacked jurisdiction. Defendant

asserted that the citation failed to include an essential element of an open container

offense: operating a motor vehicle while on a public street or highway. The trial court,

citing State v. Allen, ___ N.C. App. ___, 783 S.E.2d 799 (2016), denied Defendant’s

motion. The jury found Defendant guilty of the open container charge and not guilty

of speeding. Defendant timely filed notice of appeal.

 Analysis

 The North Carolina Constitution states, “Except in misdemeanor cases

initiated in the District Court Division, no person shall be put to answer any criminal

charge but by indictment, presentment, or impeachment. But any person, when

represented by counsel, may, under such regulations as the General Assembly shall

prescribe, waive indictment in noncapital cases.” N.C. Const. art. I, § 22. A “valid

indictment returned by a legally constituted grand jury” is required for a court to

have jurisdiction. State v. Yoes, 271 N.C. 616, 630, 157 S.E.2d 386, 398 (1967)

(citations and quotation marks omitted).

 However, “[t]he General Assembly may . . . provide for other means of trial for

misdemeanors, with the right of appeal for trial de novo.” N.C. Const. art. I, § 24.

 -3-
 STATE V. JONES

 Opinion of the Court

 The Superior Court Division “has original general jurisdiction throughout the

State except as otherwise provided by the General Assembly; and the General

Assembly is authorized by general law to prescribe the jurisdiction and powers of the

district courts.” State v. Wall, 271 N.C. 675, 680, 157 S.E.2d 363, 366 (1967)

(emphasis in original). The General Assembly has indeed delineated the jurisdiction

and procedure for trial of misdemeanors in the district courts, and provided for the

right of appeal of those matters for trial de novo in the superior courts.

 North Carolina General Statute § 7A-270 (2015) provides that “[g]eneral

jurisdiction for the trial of criminal actions is vested in the superior court and the

district court divisions of the General Court of Justice.” The district court division

has “exclusive, original jurisdiction” of misdemeanors, N.C. Gen Stat. § 7A-272(a)

(2015), while superior courts, with limited exception, have “exclusive, original

jurisdiction over all criminal actions not assigned to the district court division[.]”

N.C. Gen Stat. § 7A-271(a) (2015).

 Defendant was issued a citation for misdemeanor offenses and directed to

appear in Wake County District Court. A citation directs a defendant to “appear in

court and answer a misdemeanor or infraction charge or charges.” N.C. Gen. Stat.

§ 15A-302(a) (2015). A law enforcement officer may issue a citation when he has

probable cause to believe the individual cited committed an infraction or

 -4-
 STATE V. JONES

 Opinion of the Court

misdemeanor offense. N.C. Gen. Stat. § 15A-302(b) (2015). For a citation to be valid,

it must:

 (1) Identify the crime charged, including the date, and
 where material, identify the property and other persons
 involved,
 (2) Contain the name and address of the person cited, or
 other identification if that cannot be ascertained,
 (3) Identify the officer issuing the citation, and
 (4) Cite the person . . . to appear in a designated court, at a
 designated time and date.

N. C. Gen. Stat. § 15A-302(c) (2015).

 The official commentary to Article 49, entitled Pleadings and Joinder, contains

a primer on various criminal pleadings in North Carolina. N.C. Gen. Stat. ch. 15A,

art. 49 official commentary (2015). The commentary notes that misdemeanor cases

initiated by warrant or criminal summons require a finding of probable cause and a

“statement of the crime.” Id. It is the “statement of the crime” set forth in warrants

and criminal summons that constitutes the “pleading” for misdemeanor criminal

cases. Id. Citations, however, are treated differently. According to the commentary,

a citation simply needs to identify the crime charged.

 It should be noted that the citation (G.S. 15A-302) requires
 only that the crime be “identified,” less than is required in
 the other processes. This is a reasonable difference, since
 it will be prepared by an officer on the scene. It still may
 be used as the pleading, but rather than get into sufficiency
 of the pleading in such a case the Commission simply gives
 the defendant the right to object and require a more formal
 pleading. G.S. 15A-922(c).

 -5-
 STATE V. JONES

 Opinion of the Court

Id. (emphasis added). See also N.C. Gen. Stat. § 15A-302 official commentary (2015)

(“[I]n certain circumstances the citation can serve as the pleading upon which trial is

based. See G.S. 15A-922 . . . .” (emphasis added)).

 To the extent there was a deficiency in the citation, Defendant had the right to

object to trial on the citation by filing a motion:

 A defendant charged in a citation with a criminal offense
 may by appropriate motion require that the offense be
 charged in a new pleading. The prosecutor must then file a
 statement of charges unless it appears that a criminal
 summons or a warrant for arrest should be secured in order
 to insure the attendance of the defendant, and in addition
 serve as the new pleading.

N.C. Gen. Stat. §15A-922(c) (2015). The statement of charges, summons, or warrant

may then be subjected to the scrutiny argued for by Defendant. However, a defendant

must file his or her objection to the citation in the district court division.

 The defendant in State v. Allen, ___ N.C. App. ___, ___, 783 S.E.2d 799, 799

(2016) was charged by citation with, among other offenses, transporting an open

container of alcohol. Defendant was convicted by a jury and, on appeal, he argued

that the citation failed to allege all essential elements of the offense, depriving the

court of jurisdiction. Id. at ___, 783 S.E.2d at 800. This Court held that because the

citation put the defendant on notice and met the statutory requirements of N.C. Gen.

Stat. § 15A-302, his failure to object to the citation pursuant to N.C. Gen. Stat. § 15A-

 -6-
 STATE V. JONES

 Opinion of the Court

922(c) precluded his challenge to jurisdiction. Id. at ___, 783 S.E.2d at 801. The

Court also stated:

 We acknowledge defendant is allowed to challenge
 jurisdiction for the first time on appeal. See N.C. R. App. P.
 10(a)(1) (2015) ("[W]hether the court had jurisdiction over
 the subject matter, and whether a criminal charge is
 sufficient in law, may be made the basis of an issue
 presented on appeal."). However, the ability to raise a
 jurisdictional challenge at any time does not ensure that
 the jurisdictional challenge has merit.

 Defendant argues that "[a] citation, like a warrant or an
 indictment, may serve as a pleading in a criminal case and
 must therefore allege lucidly and accurately all the
 essential elements of the [crime] . . . charged." However,
 defendant fails to direct our attention to any opinion from
 this Court or other authority equating the requirements for
 a valid citation with those of a valid indictment, and we
 find none. Compare id. § 15A-302(c) ("The citation must: (1)
 Identify the crime charged, including the date, and where
 material, identify the property and other persons
 involved[.]"), with id. § 15A-644(a)(3) ("An indictment must
 contain: . . . (3) Criminal charges pleaded as provided in
 Article 49 of [Chapter 15A], Pleadings and Joinder[.]"); see
 also State v. Hunt, 357 N.C. 257, 267, 582 S.E.2d 593, 600
 (2003) ("An indictment, as referred to in [N.C. Const. art.
 I, § 22] . . . , is a written accusation of a crime drawn up by
 the public prosecuting attorney and submitted to the grand
 jury, and by them found and presented on oath or
 affirmation as a true bill. To be sufficient under our
 Constitution, an indictment must allege lucidly and
 accurately all the essential elements of the offense
 endeavored to be charged." (citation and quotation marks
 omitted)); State v. Jones, 157 N.C. App. 472, 477, 579
 S.E.2d 408, 411 (2003) ("[A] citation is not an
 indictment[.]").

Id. at ___, 783 S.E.2d at 800-01.

 -7-
 STATE V. JONES

 Opinion of the Court

 Similarly, in State v. Monroe, 57 N.C. App. 597, 598, 292 S.E.2d 21, 21-22

(1982), the defendant argued that a jurisdictional defect existed for his charges of

driving under the influence and driving while license revoked. Defendant filed a

motion pursuant to Section 15A-922(c) in Superior Court. Id. This Court held that

 [h]ad defendant filed his motion prior to his trial at district
 court, the statute would indeed have precluded his trial on
 the citation alone. . . . [But] [o]nce jurisdiction had been
 established and defendant had been tried in district court,
 therefore, he was no longer in a position to assert his
 statutory right to object to trial on citation when he
 appealed to superior court.

Id. at 598-99, 292 S.E.2d at 22. See also State v. Phillips, 149 N.C. App. 310, 318, 560

S.E.2d 852, 857 (“[The] defendant’s objection to trial by citation must be asserted in

the court of original jurisdiction, in this case, the district court.” (citation omitted)),

appeal dismissed, 355 N.C. 499, 564 S.E.2d 230 (2002).

 Defendant contends the trial court lacked jurisdiction to try him for a violation

of N.C. Gen. Stat. § 20-138.7(a), and asserts that the citation charging him failed to

allege an essential element of that statutory offense. However, the citation issued to

Defendant by Officer Johnson complied with the provisions of N.C. Gen. Stat. § 15A-

302(c). The citation properly identified the crime of having an open container of

alcohol in the car while alcohol remained in his system, charged by citing N.C. Gen.

Stat. § 20-138.7(a) and stating Defendant had an open container of alcohol after

drinking. Identifying a crime charged does not require a hyper-technical assertion of

 -8-
 STATE V. JONES

 Opinion of the Court

each element of an offense, nor does it require the specificity of a “statement of the

crime” necessary to issue a warrant or criminal summons.

 However, a citation charging the offense of driving with an open container after

consuming must include additional information to be considered sufficient.

 (g) Pleading. ― In any prosecution for a violation of
 subsection (a) of this section, the pleading is sufficient if it
 states the time and place of the alleged offense in the usual
 form and charges that the defendant drove a motor vehicle
 on a highway or the right-of-way of a highway with an open
 container of alcoholic beverage after drinking.

N.C. Gen. Stat. § 20-138.7(g) (2015) (emphasis added). Pursuant to the Official

Commentary to Article 49, issues concerning the sufficiency of pleadings in citations

are to be addressed through a Section 15A-922(c) motion.

 The citation at issue here satisfied the requirements of Section 15A-302,

establishing jurisdiction in the District Court division. Defendant’s concern

regarding sufficiency of the offense charged in the citation required an objection to

trial on the citation at the district court level. Because Defendant failed to file a

motion pursuant to Section 15A-922(c), he was no longer in a position to assert his

statutory right to object to trial on citation, or to the sufficiency of the allegations set

forth in Section 20-138.7(g).

 Even if, assuming arguendo, Defendant was not required to object, the failure

to comply with N.C. Gen. Stat. § 15A-924(a)(5) by neglecting to allege facts supporting

every element of an offense in a citation is not a jurisdictional defect.

 -9-
 STATE V. JONES

 Opinion of the Court

 Our state constitution requires an indictment to allege each element as a

prerequisite of the superior court’s jurisdiction. “Except in misdemeanor cases

initiated in the District Court Division, no person shall be put to answer any criminal

charge but by indictment, presentment, or impeachment.” N.C. Const. art. I, § 22.

Therefore, the constitution does not so require for a citation charging a misdemeanor

to allege each element as a prerequisite of the district court’s jurisdiction.

 Our Supreme Court has held that “[every defendant] charged with a criminal

offense has a right to the decision of twenty-four of his fellow-citizens upon the

question of his guilt: first, by a grand jury [of twelve], and secondly, by a petit jury [of

twelve][.]” State v. Barker, 107 N.C. 913, 918, 12 S.E. 115, 117 (1890) (citation and

quotation marks omitted). That is, where the prosecutor elects to use an indictment,

the superior court does not obtain jurisdiction to try a defendant unless a grand jury

of twelve has first determined that probable cause exists that the defendant

committed the crime. See State v. Abraham, 338 N.C. 315, 339, 451 S.E.2d 131, 143

(1994) (“It is well settled that a valid bill of indictment is essential to the jurisdiction

of the trial court to try an accused for a felony.” (citation and quotation marks

omitted)). See also State v. Thomas, 236 N.C. 454, 458-61, 73 S.E.2d 283, 286-88

(1952). Further, our Supreme Court has instructed that “[t]o be sufficient under our

Constitution, an indictment must allege lucidly and accurately all the essential

elements of the offense endeavored to be charged.” State v. Hunt, 357 N.C. 257, 267,

 - 10 -
 STATE V. JONES

 Opinion of the Court

582 S.E.2d 593, 600, cert. denied, 539 U.S. 985, 156 L. Ed. 2d 702 (2003) (citations

and quotation marks omitted).

 In sum, if an indictment is returned by a grand jury without referencing each

element, it cannot be said that the grand jury found probable cause that the

defendant committed the crime charged – which, under our constitution where an

indictment is used, is required to empower the superior court to try the defendant.

 As mentioned above, citations differ from indictments. Our constitution does

not require a grand jury to make a probable cause determination for misdemeanors

tried in district court as a jurisdictional prerequisite. Therefore, any failure of a law

enforcement officer to include each element of the crime in a citation is not fatal to

the district court’s jurisdiction. Moreover, the record establishes that Defendant was

apprised of the charge against him and would not be subject to double jeopardy.

 Defendant’s contention of error is overruled.

 NO ERROR.

 Judge DILLON concurs.

 Judge ZACHARY dissents with separate opinion.

 - 11 -
 No. COA 17-59 - State v. Jones

 ZACHARY, Judge, dissenting:

 Defendant appeals from the judgment entered upon his conviction of operating

a motor vehicle with an open container of alcohol in the passenger area of his car

while alcohol remained in his system. On appeal, defendant argues that the trial

court lacked subject matter jurisdiction over the charge because the citation that the

State used as the criminal pleading did not state facts supporting the elements of this

criminal offense, as required by long-standing appellate jurisprudence and the

express language of N.C. Gen. Stat. § 15A-924 (2015). The majority opinion holds

that a citation is not required to comply with the statutory requirements for all

criminal pleadings, but need only meet the requirements of N.C. Gen. Stat. § 15A-

302 (2015) for use of a citation as a form of process to secure defendant’s attendance

in court. Because I disagree with this conclusion, I must respectfully dissent.

 Background

 On 4 January 2015, a Raleigh police officer stopped a car driven by defendant,

based upon the officer’s estimation that defendant was exceeding the legal speed

limit. When the officer approached defendant’s car, he observed an open can of beer

in the center console next to defendant. After determining that defendant was not

impaired, the officer issued a citation that purported to charge defendant with

speeding and with operating a motor vehicle with an open container of alcohol while

alcohol remained in his system. Defendant was convicted of both offenses in district
 STATE V. JONES

 ZACHARY, J., dissenting

court and appealed to superior court for a trial de novo, where the jury returned a

verdict finding defendant guilty of operating a motor vehicle with an open container

of alcohol in the passenger area of the car with alcohol remaining in his system.

Defendant noted an appeal to this Court.

 Standard of Review

 Defendant argues that the trial court lacked subject matter jurisdiction to try

him for a violation of N.C. Gen. Stat. § 20-138.7(a) (2015), on the grounds that the

citation that purported to charge him with this offense did not meet the requirements

for a valid criminal pleading. “A facially invalid indictment deprives the trial court of

jurisdiction to enter judgment in a criminal case.” State v. Haddock, 191 N.C. App.

474, 476, 664 S.E.2d 339, 342 (2008) (citations omitted). “The subject matter

jurisdiction of the trial court is a question of law, which this Court reviews de novo

on appeal.” State v. Barnett, 223 N.C. App. 65, 68, 733 S.E.2d 95, 98 (2012) (citation

omitted). “Under a de novo review, the court considers the matter anew and freely

substitutes its own judgment for that of the [trial court].” In re Appeal of The Greens

of Pine Glen Ltd. P’ship, 356 N.C. 642, 647, 576 S.E.2d 316, 319 (2003) (citation

omitted).

 Preservation of Issue for Appellate Review

 The majority opinion emphasizes the district court’s general jurisdiction over

the trial of misdemeanors, and the jurisdiction of our superior courts to conduct a

trial de novo upon a criminal defendant’s appeal from district court. Defendant has

 -2-
 STATE V. JONES

 ZACHARY, J., dissenting

not challenged the trial court’s general jurisdiction. However, “a trial court’s general

jurisdiction over the type of proceeding or over the parties does not confer jurisdiction

over the specific action.” In re McKinney, 158 N.C. App. 441, 447, 581 S.E.2d 793, 797

(2003) (citation omitted).

 The majority opinion also discusses N.C. Gen. Stat. § 15A-952(c) (2015), which

provides that a “defendant charged in a citation with a criminal offense may by

appropriate motion require that the offense be charged in a new pleading.” The

majority opinion appears to hold that by failing to file such a motion in district court,

defendant has lost the right to challenge the trial court’s subject matter jurisdiction.

The majority opinion notes that defendant “contends [that] the trial court lacked

jurisdiction to try him . . . when the citation charging him failed to allege an essential

element” of the charged offense. The opinion then holds that “Defendant was

required to raise any objection to trial on the citation at the district court level.

Defendant’s failure to object to proceeding by citation established jurisdiction in

district court.” This indicates that the majority opinion is holding that defendant has

waived review of the issue of the trial court’s subject matter jurisdiction to try him.

However, it is axiomatic that:

 A court must have subject matter jurisdiction in order to
 decide a case. . . . As a result, subject matter jurisdiction may
 be raised at any time, whether at trial or on appeal, ex mero
 motu. “A party may not waive jurisdiction, and a court has
 inherent power to inquire into, and determine, whether it has
 jurisdiction and to dismiss an action ex mero motu when
 subject matter jurisdiction is lacking.”

 -3-
 STATE V. JONES

 ZACHARY, J., dissenting

State v. Sellers, __ N.C. App. __, __, 789 S.E.2d 459, 465 (2016) (quoting Reece v.

Forga, 138 N.C. App. 703, 705, 531 S.E.2d 881, 882 (2000) (other citations omitted)

(emphasis added). Moreover, N.C. Gen. Stat. § 15A-1446(d) (2015) specifically

provides that:

 Errors based upon any of the following grounds, which are
 asserted to have occurred, may be the subject of appellate
 review even though no objection, exception or motion has been
 made in the trial division. . . . (4) The pleading fails to state
 essential elements of an alleged violation, as required by G.S.
 15A-924(a)(5).

 To the extent that the majority opinion holds that defendant has waived his

right to seek review of the issue of the trial court’s subject matter jurisdiction, I

believe this holding to be inconsistent with long-standing legal principles of our

jurisprudence.

 Requirements for a Valid Criminal Pleading in North Carolina

 Defendant was charged in a two-count citation with two separate offenses.

Defendant has not challenged the validity of the charge of speeding, for which the

jury found him not guilty. The pivotal issue in this case is whether the second count

of the citation met the requirements for a valid criminal pleading, thus giving the

trial court subject matter jurisdiction over the charge of driving a motor vehicle on a

public highway with an open container of alcohol in the passenger area of the car

while alcohol remained in defendant’s system. I would hold that, upon application of

the plain language of the statutes governing criminal pleadings in North Carolina,

the citation is invalid.

 -4-
 STATE V. JONES

 ZACHARY, J., dissenting

 A criminal pleading is “[a]n indictment, information, or complaint by which the

government begins a criminal prosecution.” BLACK’S LAW DICTIONARY 8th Edn. 1190.

The State charges a criminal offense in a pleading. N.C. Gen. Stat. § 15A-921 (2015)

sets out the documents that may be used as the State’s pleading in a criminal case in

North Carolina, and states that “the following may serve as pleadings of the State in

criminal cases:

 (1) Citation.
 (2) Criminal summons.
 (3) Warrant for arrest.
 (4) Magistrate’s order . . . after arrest without warrant.
 (5) Statement of charges.
 (6) Information.
 (7) Indictment.

 The general requirements for all criminal pleadings are set out in N.C. Gen.

Stat. § 15A-924(a) (2015), which states in relevant part that:

 (a) A criminal pleading must contain:
 (1) The name or other identification of the defendant[.]
 (2) A separate count addressed to each offense charged, but
 allegations in one count may be incorporated by reference in
 another count.
 (3) A statement or cross reference in each count indicating
 that the offense charged therein was committed in a
 designated county.
 (4) A statement or cross reference in each count indicating
 that the offense charged was committed on, or on or about, a
 designated date[.]
 (5) A plain and concise factual statement in each count which,
 without allegations of an evidentiary nature, asserts facts
 supporting every element of a criminal offense and the
 defendant’s commission thereof with sufficient precision
 clearly to apprise the defendant or defendants of the conduct
 which is the subject of the accusation. . . .

 -5-
 STATE V. JONES

 ZACHARY, J., dissenting

 (6) For each count a citation of any applicable statute, rule,
 regulation, ordinance, or other provision of law alleged therein
 to have been violated. . . .

 It is well established that “[N.C. Gen. Stat. §] 15A-924 codifies the

requirements of a criminal pleading. A criminal pleading must contain, inter alia . .

. ‘[a] plain and concise factual statement in each count which . . . asserts facts

supporting every element of a criminal offense and the defendant’s commission

thereof[.]’ ” State v. Saults, 294 N.C. 722, 724, 242 S.E.2d 801, 803-04 (1978). The

purpose of this requirement is:

 (1) [to provide] such certainty in the statement of the
 accusation as will identify the offense with which the accused
 is sought to be charged; (2) to protect the accused from being
 twice put in jeopardy for the same offense; (3) to enable the
 accused to prepare for trial; and (4) to enable the court, on
 conviction or plea of nolo contendere or guilty to pronounce
 sentence according to the rights of the case.

State v. Greer, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953). Thus, “an indictment is

sufficient if it, first, contains the elements of the offense charged and fairly informs a

defendant of the charge against which he must defend, and, second, enables him to

plead an acquittal or conviction in bar of future prosecutions for the same offense.”

Hamling v. United States, 418 U.S. 87, 117, 41 L. Ed. 2d 590, 620 (1974).

 “This constitutional mandate, however, merely affords a defendant the right to

be charged by a lucid prosecutive statement which factually particularizes the

essential elements of the specified offense. See G.S. 15A-924(a)(5)[.]” State v.

Sturdivant, 304 N.C. 293, 309, 283 S.E.2d 719, 730 (1981). “N.C.G.S. § 15A-924 does

 -6-
 STATE V. JONES

 ZACHARY, J., dissenting

not require that an indictment contain any information beyond the specific facts that

support the elements of the crime.” State v. Rambert, 341 N.C. 173, 176, 459 S.E.2d

510, 512 (1995).

 “An indictment is invalid and prevents the trial court from acquiring

jurisdiction over the charged offense if [it] ‘fails to state some essential and necessary

element of the offense of which the defendant is found guilty.’ ” State v. McNeil, 209

N.C. App. 654, 658, 707 S.E.2d 674, 679 (2011) (quoting State v. Wilson, 128 N.C.

App. 688, 691, 497 S.E.2d 416, 419 (1998)). “Lack of jurisdiction in the trial court due

to a fatally defective indictment requires ‘the appellate court . . . to arrest judgment

or vacate any order entered without authority.’ ” State v. Galloway, 226 N.C. App.

100, 103, 738 S.E.2d 412, 414 (2013) (quoting State v. Petersilie, 334 N.C. 169, 175,

432 S.E.2d 832, 836 (1993)).

 The vast majority of our appellate cases addressing the sufficiency of a criminal

pleading arise in the context of indictments. However, N.C. Gen. Stat. § 15A-924

states the general requirement that a “criminal pleading” must contain certain

information, and does not limit its application to a subset of the types of criminal

pleadings listed in N.C. Gen. Stat. § 15A-921. In addition, the requirement that a

criminal pleading must state facts supporting the elements of the charged offense has

been addressed in cases in which a defendant’s conviction was based on a criminal

pleading other than an indictment. See, e.g., State v. Coker, 312 N.C. 432, 434, 323

S.E.2d 343, 346 (1984) (addressing the sufficiency of the factual allegations in a

 -7-
 STATE V. JONES

 ZACHARY, J., dissenting

citation charging the defendant with impaired driving), State v. Balance, 218 N.C.

App. 202, 720 S.E.2d 856 (2012) (applying the requirements of N.C. Gen. Stat. § 15A-

924(a) to a misdemeanor statement of charges), and State v. Camp, 59 N.C. App. 38,

41-42, 295 S.E.2d 766, 768 (1982) (applying requirement that a criminal pleading

must state facts supporting the elements of the charged offense to a warrant).

 In sum, N.C. Gen. Stat. § 15A-921 expressly states that a citation may serve

as the State’s pleading in a criminal case, and N.C. Gen. Stat. § 15A-924(a)(5)

requires that every criminal pleading must contain facts supporting each of the

elements of the criminal offense with which the defendant is charged. There do not

appear to be any appellate cases holding that N.C. Gen. Stat. § 15A-924 does not

apply to a citation used as the pleading in a criminal case. Under the plain language

of these statutes, when a citation is used by the State as the pleading in a criminal

case, it must -- like any other criminal pleading -- allege facts that support the

elements of the offense with which the defendant is charged.

 Discussion

 Defendant was convicted of operating a motor vehicle with an open container

of alcohol in the passenger area of the car while alcohol remained in his system, in

violation of N.C. Gen. Stat. § 20-138.7(a) (2015). This statute provides that “[n]o

person shall drive a motor vehicle on a highway or the right-of-way of a highway: (1)

While there is an alcoholic beverage in the passenger area in other than the unopened

manufacturer’s original container; and (2) While the driver is consuming alcohol or

 -8-
 STATE V. JONES

 ZACHARY, J., dissenting

while alcohol remains in the driver’s body.” The elements of this offense are that the

defendant (1) drove a motor vehicle on a highway or right-of-way of a highway, (2)

with an open container of an alcoholic beverage in the passenger area of the car, (3)

while alcohol remained in the defendant’s body.

 The charging language of the citation issued in order to compel defendant’s

attendance in court states the following:

 The officer named below has probable cause to believe that on
 or about Sunday, the 04 day of January 2015 at 10:16 p.m. in
 the county named above you did unlawfully and willfully
 OPERATE A MOTOR VEHICLE ON A STREET OR
 HIGHWAY AT A SPEED OF 62 MPH IN A 45 MPH ZONE.
 (G.S. 20-141(J1))

 and on or about Sunday, the 04 day of January 2015 at 10:16
 p.m. in the county named above you did unlawfully and
 willfully
 WITH AN OPEN CONTAINER OF ALCOHOLIC
 BEVERAGE AFTER DRINKING. (G.S. 20-138.7(a))

 (Underlined script indicates information added by the law
 enforcement officer on a Uniform Citation Form).

 The citation thus charges that on Sunday, 4 January 2015, defendant “did

unlawfully and willfully WITH AN OPEN CONTAINER OF ALCOHOLIC

BEVERAGE AFTER DRINKING. (G.S. 20-138.7(a)).” This sentence fragment fails to

include a verb stating what defendant did “with an open container of alcohol.”

Specifically, it fails to allege that defendant operated a motor vehicle on a public road

or highway, or even that he “drove.” Nor does the citation allege that the open

container of alcohol was in the passenger area of defendant’s car. The citation fails

 -9-
 STATE V. JONES

 ZACHARY, J., dissenting

to allege facts that would support two of the three elements of the offense: that

defendant drove on a public highway, or that he had an open container of alcohol in

the passenger area of the car. As a result, the citation did not comply with the

requirements of N.C. Gen. Stat. § 15A-924 and did not confer subject matter

jurisdiction upon the trial court. The majority opinion reaches the contrary conclusion

and holds that the citation was valid. After careful consideration of the reasoning

supporting this holding, I am unable to agree.

 Firstly, in its assessment of the validity of the citation, the majority includes

notes made by the charging officer in a box below the charging language with the

heading “Officer’s Comments.” No legal basis for including this language is set out

in the opinion. Moreover, the “Officer’s Comments” do not state that defendant was

driving a motor vehicle upon a public road.

 Secondly, the majority opinion appears to adopt the State’s argument that we

should read the language of the first count, which alleges that defendant operated a

motor vehicle at a speed in excess of the legal speed limit, and then add only the word

“and” from the second count (which alleges that “and on or about Sunday, the 04 day

of January 2015 at 10:16 PM in the county named above you did unlawfully and

willfully”), and by this means arrive at a reading of the citation stating that defendant

“operated a motor vehicle” at an excessive speed “and” (omitting the words “on or

about Sunday, the 04 day of January 2015 at 10:16 PM in the county named above

you did unlawfully and willfully”) “with an open container of alcoholic beverage after

 -10-
 STATE V. JONES

 ZACHARY, J., dissenting

drinking.” However, no authority is cited in support of this procedure, and “[i]t is

settled law that each count of an indictment containing several counts should be

complete in itself.” State v. Moses, 154 N.C. App. 332, 336, 572 S.E.2d 223, 226 (2002)

(internal quotation omitted). By the same measure, each count of a criminal pleading,

such as a citation, containing several counts should be complete in itself.

 The holding of the majority opinion that the citation issued in this case was

valid is based primarily upon the language of N.C. Gen. Stat. § 15A-302 (2015). The

opinion states that “[f]or a citation to be valid, it must contain” the information

specified in N.C. Gen. Stat. § 15A-302(b). The flaw in this argument is that N.C. Gen.

Stat. § 15A-302 is a statute contained in N.C. Gen. Stat. § 15A, Article 17, entitled

“Criminal Process,” which addresses the use of a citation as criminal process, and not

as a pleading. The majority fails to acknowledge this issue or to articulate a basis for

applying the requirements for use of a citation as a form of process, rather than the

specific statutory criteria for use of a citation as a criminal pleading.

 The Official Commentary to Article 17 states that “[c]riminal process includes

the citation, criminal summons, warrant for arrest, and order for arrest. They all

serve the function of requiring a person to come to court.” This language is consistent

with the definition of “criminal process” as “[a] process (such as an arrest warrant)

that issues to compel a person to answer for a crime.” BLACK’S LAW DICTIONARY, 8th

Edn. 1242. The statutes in Article 17 govern the requirements for issuance of process

 -11-
 STATE V. JONES

 ZACHARY, J., dissenting

requiring a defendant to appear in court and answer a criminal charge. For example,

N.C. Gen. Stat. § 15A-301 (2015) states that:

 (a)(2) “Criminal process, other than a citation, must be signed
 and dated by the justice, judge, magistrate, or clerk who issues
 it. The citation must be signed and dated by the law-
 enforcement officer who issues it.”

 (b) Warrants for arrest and orders for arrest must be directed
 to a particular officer, a class of officers, or a combination
 thereof, having authority and territorial jurisdiction to
 execute the process. A criminal summons must be directed to
 the person summoned to appear[.] . . . The citation must be
 directed to the person cited to appear.

 Similarly, N.C. Gen. Stat. § 15A-302 sets out the requirements for the use of a

citation as criminal process:

 (a) A citation is a directive, issued by a law enforcement officer
 or other person authorized by statute, that a person appear in
 court and answer a misdemeanor or infraction charge or
 charges. (emphasis added).

 ...

 (c) Contents. -- The citation must:
 (1) Identify the crime charged, including the date, and where
 material, identify the property and other persons involved,
 (2) Contain the name and address of the person cited, or other
 identification if that cannot be ascertained,
 (3) Identify the officer issuing the citation, and
 (4) Cite the person to whom issued to appear in a designated
 court, at a designated time and date.

 -12-
 STATE V. JONES

 ZACHARY, J., dissenting

 (d) A copy of the citation shall be delivered to the person cited
 who may sign a receipt on the original which shall thereafter
 be filed with the clerk by the officer. . . .

 The functions of a criminal pleading, which are discussed above, are

fundamentally different from the purpose of criminal process, which is simply to

secure the defendant’s attendance in court. Notably, an indictment, which is the

primary form of criminal pleading, is not included as a permissible type of criminal

process. The majority opinion holds that “[f]or a citation to be valid” it need only

comply with N.C. Gen. Stat. § 15A-302(c). However, the majority offers no basis upon

which to ignore the express language of N.C. Gen. Stat. § 15A-924, which governs the

requirements for all criminal pleadings, in favor of N.C. Gen. Stat. § 15A-302, which

sets out the requirements for the use of a citation as criminal process.

 I conclude that equating the requirements for process with those applicable to

pleadings is a classic “apples to oranges” comparison. This position finds support in

the language of the relevant statutes and in this Court’s opinion in State v. Garcia,

146 N.C. App. 745, 553 S.E.2d 914 (2001). In Garcia, the defendant was served with

an arrest warrant charging him with assault. On appeal, the defendant argued that

the arrest warrant, although adequate to compel him to appear in court, failed to

satisfy the requirements for a criminal pleading. We agreed, and held that:

 A warrant for an arrest “must contain a statement of the crime
 of which the person to be arrested is accused. No warrant for
 arrest . . . is invalid because of any technicality of pleading if
 the statement is sufficient to identify the crime.” N.C.G.S. §
 15A-304(c) (1999). If the arrest warrant, however, is used as a

 -13-
 STATE V. JONES

 ZACHARY, J., dissenting

 criminal pleading pursuant to N.C. Gen. Stat. § 15A-921(3), it
 must contain “[a] plain and concise factual statement . . .
 which . . . asserts facts supporting every element of [the]
 criminal offense and the defendant’s commission thereof with
 sufficient precision clearly to apprise the defendant . . . of the
 conduct which is the subject of the accusation.” N.C.G.S. §
 15A-924(a)(5) (1999).

Garcia, 146 N.C. App. at 746, 553 S.E.2d at 915 (emphasis added).

 Given that (1) when used as criminal process, both warrants and citations must

“identify the crime” charged; (2) N.C. Gen. Stat. § 15A-921 includes both warrants

and citations as valid criminal pleadings; and (3) N.C. Gen. Stat. § 15A-924 requires

that all criminal pleadings state facts supporting the elements of the offense with

which the defendant is charged, I would conclude that the holding of Garcia is equally

applicable to the instant case. I cannot agree that the criminal process requirements

of N.C. Gen. Stat. § 15A-302, rather than the pleading requirements of N.C. Gen.

Stat. § 15A-924, should determine the resolution of this case. See also State v. Cook,

272 N.C. 728, 731, 158 S.E.2d 820, 822 (1968) (“[T]he warrant fails to allege an

essential element of the offense[.] . . . This defect is not cured by reference in the

warrant to the statute.”).

 The majority opinion also notes this Court’s opinion in State v. Allen, __ N.C.

App. __, 783 S.E.2d 799 (2016). In Allen, the defendant was charged in a citation

with a violation of N.C. Gen. Stat. § 18B-401(a) (2015), which makes it unlawful “for

a person to transport fortified wine or spirituous liquor in the passenger area of a

motor vehicle in other than the manufacturer’s unopened original container.” On

 -14-
 STATE V. JONES

 ZACHARY, J., dissenting

appeal, the defendant argued that the trial court lacked jurisdiction to try him, on

the grounds that the charging citation failed to allege an essential element of the

offense. This Court held that the citation complied with the requirement of N.C. Gen.

Stat. § 15A-302 that the citation “[i]dentify the crime charged.” Apparently the

charging citation was also used as the State’s criminal pleading in Allen. However,

Allen did not cite N.C. Gen. Stat. § 15A-924(b)(5) or address the requirements of that

statute for all criminal pleadings. As a result, Allen is distinguishable from the

present case.

 Conclusion

 The majority opinion holds that when a citation is used by the State as a

criminal pleading, the law “does not require a hyper-technical assertion of each

element of an offense[.]” However, our legislature enacted N.C. Gen. Stat. § 15A-921

and N.C. Gen. Stat. § 15A-924, and thereby determined the types of documents that

may serve as a criminal pleading as well as the level of specificity required. These

statutes plainly state that a citation may serve as the State’s criminal pleading and

that criminal pleadings must state facts supporting the elements of the charged

offense. “This policy decision is within the legislature’s purview,” Hest Techs., Inc. v.

State of N.C. ex rel. Perdue, 366 N.C. 289, 303, 749 S.E.2d 429, 439 (2012), and

“[w]hen the language of a statute is clear and unambiguous, it must be given effect

and its clear meaning may not be evaded . . . under the guise of construction.” State

 -15-
 STATE V. JONES

 ZACHARY, J., dissenting

v. Bates, 348 N.C. 29, 34-35, 497 S.E.2d 276, 279 (1998) (citation and internal

quotation marks omitted).

 For the reasons discussed above, I conclude that the citation charging that

defendant “unlawfully and willfully with an open container of alcoholic beverage after

drinking” failed to state facts that would support the elements of the offense of

operating a motor vehicle with an open container of alcohol in the passenger area of

the car while alcohol remained in the defendant’s system. Pursuant to N.C. Gen.

Stat. § 15A-924(a)(5), all criminal pleadings, including citations, must allege facts

that establish every element of the offense with which the defendant is charged. For

this reason, I cannot agree with the holding of the majority opinion and must

respectfully dissent.

 -16-