STATE OF NORTH CAROLINA v. JAMES D. MONROE

No. 8112SC1201

(Filed 1 June 1982)

1. **Criminal Law § 18.3— trial de novo in superior court—no right to object to trial on citation**

   Once jurisdiction had been established and defendant had been tried in district court, he was no longer in a position to assert his right under G.S. 15A-922(c) to object to the trial on a citation when he appealed to superior court for a trial de novo.

2. **Criminal Law § 18.2— appeal to superior court—trial on original charge—absence in record of information about plea bargain**

   Where the record shows that defendant was tried in district court on a citation charging "driving while license was permanently revoked" and that he entered a plea of guilty after the prosecutor deleted the word "permanently" from the charge, but the record contained no information as to the existence or nonexistence of a plea agreement, the appellate court cannot consider de-

---

fendant's contention that the superior court had no jurisdiction to try him on the original charge of driving while his license was "permanently" revoked. G.S. 7A-271(b).

APPEAL by defendant from *Lee, Judge*. Judgment entered 18 June 1981 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 27 April 1982.

This is a criminal action tried in superior court, de novo, on appeal from the district court. Defendant was tried in district court on a traffic citation for "Driving Under the Influence" and "Driving While License Was Permanently Revoked." Defendant entered guilty pleas to both charges after the prosecutor apparently deleted the word "permanently" from the second charge. He was convicted and given an active prison sentence. Defendant then appealed to superior court for trial de novo pursuant to G.S. 15A-1431.

In superior court, defendant moved to dismiss the traffic citation as well as a misdemeanor statement of charges prepared by the prosecutor with regard to the charge of driving while license was permanently revoked. These motions apparently were denied.

Defendant was found guilty of reckless driving and driving while license was permanently revoked and was sentenced to one year in prison. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Sarah C. Young, for the State.*

*Downing, David, Vallery and Maxwell, by Edward J. David, for defendant appellant.*

ARNOLD, Judge.

Defendant's only assignment of error on appeal is that the superior court should not have assumed jurisdiction. Defendant contends the traffic citation and misdemeanor statement of charges were insufficient to confer jurisdiction when timely objection had been lodged.

[1] With regard to the charge of driving under the influence, defendant claims his motion prior to trial obligated the prosecutor under G.S. 15A-922(c) to prepare a statement of charges. Had

defendant filed his motion prior to his trial at district court, the statute would indeed have precluded his trial on the citation alone. This statutory right applies only to the court of original jurisdiction, however. The appellate jurisdiction of the superior court is derivative in nature. *State v. Felmet*, 302 N.C. 173, 273 S.E. 2d 708 (1981). Once jurisdiction had been established and defendant had been tried in district court, therefore, he was no longer in a position to assert his statutory right to object to trial on citation when he appealed to superior court.

[2]   Defendant next argues that even a statement of charges was insufficient to confer jurisdiction with regard to the charge of driving while license was permanently revoked. Defendant contends that this charge is greater than that on which he was originally tried and argues that the prosecutor was without authority to increase the offense from that charged in district court.

While defendant has correctly stated the general rule, G.S. 7A-271(b) sets forth an express exception where the conviction appealed from is the product of a plea agreement. Therefore, it is essential to this Court's consideration of defendant's argument that all available information bearing on the existence or non-existence of a plea agreement be included in the record. Rule 9(b)(3), N.C. Rules of Appellate Procedure. Defendant having failed to include such information—or even to advance an informed opinion on the issue—we are unable to consider this portion of his appeal. *State v. Crews*, 296 N.C. 607, 252 S.E. 2d 745 (1979).

In the trial of defendant, we find

No error.

Judges VAUGHN and MARTIN (Robert M.) concur.