BERGER, Judge.
*365 Daryl Lamont Jones ("Defendant") appeals from the judgment entered following his conviction for operating a motor vehicle with an open container of alcohol while alcohol remained in his system. Defendant alleges the trial court lacked subject matter jurisdiction, arguing the citation issued to Defendant failed to state facts establishing each of the elements of the statutory offense. We disagree.
Factual & Procedural Background
On January 4, 2015, Officer Donnie Johnson with the Raleigh Police Department stopped a vehicle driven by Defendant on New Bern Avenue. Officer Johnson estimated Defendant's speed to be approximately sixty-five miles per hour in a forty-five mile-per-hour zone. Officer Johnson approached Defendant's vehicle and noticed an open can of beer in the center console of Defendant's vehicle. After determining Defendant was not impaired, Officer Johnson issued Defendant a citation for speeding and operating a vehicle with an open container of alcohol in the car, while alcohol remained in his system. The citation read as follows:
The officer named below has probable cause to believe that on or about Sunday, the 04 day of January, 2015 at 10:16PM in [Wake] [C]ounty ... [Defendant] did unlawfully and willfully OPERATE A MOTOR VEHICLE ON A STREET OR HIGHWAY AT A SPEED OF 62 MPH IN A 45 MPH ZONE. ( G.S. 20-141(J1) )
and on or about Sunday, the 04 day of January, 2015 at 10:16PM in [Wake] [C]ounty ... [Defendant] did unlawfully and willfully WITH AN OPEN CONTAINER OF ALCOHOLIC BEVERAGE AFTER DRINKING. ( G.S. 20-138.7(A) )[.]
(Emphasis added). In addition, the officer's comments contained the following: "OPEN COORS LIGHT IN CENTER CONSOLE. HALF
*366 CONSUMED, STILL WITH CONDENSATION ON IT.... PULLED OUT OF DONALD ROSS DR[.] AND SPED UP TO 62MPH. PURSUED FOR NEARLY 1/2 MILE BEFORE SLOWING DOWN [IN FRONT OF] WAKE MED."
Defendant was convicted of both offenses in District Court, and appealed the conviction to Superior Court. At trial in Superior Court, Defendant made a motion to dismiss the open container charge at the close of the State's evidence, arguing that the citation was "fatally defective" and the trial court lacked jurisdiction. Defendant asserted that the citation failed to include an essential *703 element of an open container offense: operating a motor vehicle while on a public street or highway. The trial court, citing State v. Allen , --- N.C. App. ----, 783 S.E.2d 799 (2016), denied Defendant's motion. The jury found Defendant guilty of the open container charge and not guilty of speeding. Defendant timely filed notice of appeal.
Analysis
The North Carolina Constitution states, "Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment. But any person, when represented by counsel, may, under such regulations as the General Assembly shall prescribe, waive indictment in noncapital cases." N.C. Const. art. I, § 22. A "valid indictment returned by a legally constituted grand jury" is required for a court to have jurisdiction. State v. Yoes , 271 N.C. 616, 630, 157 S.E.2d 386, 398 (1967) (citations and quotation marks omitted).
However, "[t]he General Assembly may ... provide for other means of trial for misdemeanors, with the right of appeal for trial de novo." N.C. Const. art. I, § 24.
The Superior Court Division "has original general jurisdiction throughout the State except as otherwise provided by the General Assembly ; and the General Assembly is authorized by general law to prescribe the jurisdiction and powers of the district courts." State v. Wall , 271 N.C. 675, 680, 157 S.E.2d 363, 366 (1967) (emphasis in original). The General Assembly has indeed delineated the jurisdiction and procedure for trial of misdemeanors in the district courts, and provided for the right of appeal of those matters for trial de novo in the superior courts.
North Carolina General Statute § 7A-270 (2015) provides that "[g]eneral jurisdiction for the trial of criminal actions is vested in the superior court and the district court divisions of the General Court of *367 Justice." The district court division has "exclusive, original jurisdiction" of misdemeanors, N.C. Gen Stat. § 7A-272(a) (2015), while superior courts, with limited exception, have "exclusive, original jurisdiction over all criminal actions not assigned to the district court division[.]" N.C. Gen Stat. § 7A-271(a) (2015).
Defendant was issued a citation for misdemeanor offenses and directed to appear in Wake County District Court. A citation directs a defendant to "appear in court and answer a misdemeanor or infraction charge or charges." N.C. Gen. Stat. § 15A-302(a) (2015). A law enforcement officer may issue a citation when he has probable cause to believe the individual cited committed an infraction or misdemeanor offense. N.C. Gen. Stat. § 15A-302(b) (2015). For a citation to be valid, it must:
(1) Identify the crime charged, including the date, and where material, identify the property and other persons involved,
(2) Contain the name and address of the person cited, or other identification if that cannot be ascertained,
(3) Identify the officer issuing the citation, and
(4) Cite the person ... to appear in a designated court, at a designated time and date.
N. C. Gen. Stat. § 15A-302(c) (2015).
The official commentary to Article 49, entitled Pleadings and Joinder, contains a primer on various criminal pleadings in North Carolina. N.C. Gen. Stat. ch. 15A, art. 49 official commentary (2015). The commentary notes that misdemeanor cases initiated by warrant or criminal summons require a finding of probable cause and a "statement of the crime." Id. It is the "statement of the crime" set forth in warrants and criminal summons that constitutes the "pleading" for misdemeanor criminal cases. Id. Citations, however, are treated differently. According to the commentary, a citation simply needs to identify the crime charged.
It should be noted that the citation ( G.S. 15A-302 ) requires only that the crime be "identified," less than is required in the other processes. This is a reasonable difference, since it will be prepared by an officer on the scene. It still may be used as the pleading, but rather than get into sufficiency of the pleading in such a case the Commission simply gives the defendant *704 the right to object and require a more formal pleading . G.S. 15A-922(c).
*368 Id. (emphasis added). See also N.C. Gen. Stat. § 15A-302 official commentary (2015) ("[I]n certain circumstances the citation can serve as the pleading upon which trial is based. See G.S. 15A-922...." (emphasis added)).
To the extent there was a deficiency in the citation, Defendant had the right to object to trial on the citation by filing a motion:
A defendant charged in a citation with a criminal offense may by appropriate motion require that the offense be charged in a new pleading. The prosecutor must then file a statement of charges unless it appears that a criminal summons or a warrant for arrest should be secured in order to insure the attendance of the defendant, and in addition serve as the new pleading.
N.C. Gen. Stat. § 15A-922(c) (2015). The statement of charges, summons, or warrant may then be subjected to the scrutiny argued for by Defendant. However, a defendant must file his or her objection to the citation in the district court division.
The defendant in State v. Allen , --- N.C. App. ----, ----, 783 S.E.2d 799, 799 (2016) was charged by citation with, among other offenses, transporting an open container of alcohol. Defendant was convicted by a jury and, on appeal, he argued that the citation failed to allege all essential elements of the offense, depriving the court of jurisdiction. Id . at ----, 783 S.E.2d at 800. This Court held that because the citation put the defendant on notice and met the statutory requirements of N.C. Gen. Stat. § 15A-302, his failure to object to the citation pursuant to N.C. Gen. Stat. § 15A-922(c) precluded his challenge to jurisdiction. Id . at ----, 783 S.E.2d at 801. The Court also stated:
We acknowledge defendant is allowed to challenge jurisdiction for the first time on appeal. See N.C. R. App. P. 10(a)(1) (2015) ("[W]hether the court had jurisdiction over the subject matter, and whether a criminal charge is sufficient in law, may be made the basis of an issue presented on appeal."). However, the ability to raise a jurisdictional challenge at any time does not ensure that the jurisdictional challenge has merit.
Defendant argues that "[a] citation, like a warrant or an indictment, may serve as a pleading in a criminal case and must therefore allege lucidly and accurately all the essential elements of the [crime] ... charged." However, *369 defendant fails to direct our attention to any opinion from this Court or other authority equating the requirements for a valid citation with those of a valid indictment, and we find none. Compare id . § 15A-302(c) ("The citation must: (1) Identify the crime charged, including the date, and where material, identify the property and other persons involved[.]"), with id . § 15A-644(a)(3) ("An indictment must contain: ... (3) Criminal charges pleaded as provided in Article 49 of [Chapter 15A], Pleadings and Joinder[.]"); see also State v. Hunt , 357 N.C. 257, 267, 582 S.E.2d 593, 600 (2003) ("An indictment, as referred to in [ N.C. Const. art. I, § 22 ] ..., is a written accusation of a crime drawn up by the public prosecuting attorney and submitted to the grand jury, and by them found and presented on oath or affirmation as a true bill. To be sufficient under our Constitution, an indictment must allege lucidly and accurately all the essential elements of the offense endeavored to be charged." (citation and quotation marks omitted)); State v. Jones , 157 N.C. App. 472, 477, 579 S.E.2d 408, 411 (2003) ("[A] citation is not an indictment[.]").
Id . at ----, 783 S.E.2d at 800-01.
Similarly, in State v. Monroe , 57 N.C. App. 597, 598, 292 S.E.2d 21, 21-22 (1982), the defendant argued that a jurisdictional defect existed for his charges of driving under the influence and driving while license revoked. Defendant filed a motion pursuant to Section 15A-922(c) in Superior Court. Id. This Court held that
[h]ad defendant filed his motion prior to his trial at district court, the statute would indeed have precluded his trial on the citation alone.... [But] [o]nce jurisdiction had been established and defendant had been tried in district court, therefore, he was no longer in a position to assert his statutory *705 right to object to trial on citation when he appealed to superior court.
Id. at 598-99, 292 S.E.2d at 22. See also State v. Phillips , 149 N.C. App. 310, 318, 560 S.E.2d 852, 857 ("[The] defendant's objection to trial by citation must be asserted in the court of original jurisdiction, in this case, the district court." (citation omitted)), appeal dismissed , 355 N.C. 499, 564 S.E.2d 230 (2002).
Defendant contends the trial court lacked jurisdiction to try him for a violation of N.C. Gen. Stat. § 20-138.7(a), and asserts that the citation *370 charging him failed to allege an essential element of that statutory offense. However, the citation issued to Defendant by Officer Johnson complied with the provisions of N.C. Gen. Stat. § 15A-302(c). The citation properly identified the crime of having an open container of alcohol in the car while alcohol remained in his system, charged by citing N.C. Gen. Stat. § 20-138.7(a) and stating Defendant had an open container of alcohol after drinking. Identifying a crime charged does not require a hyper-technical assertion of each element of an offense, nor does it require the specificity of a "statement of the crime" necessary to issue a warrant or criminal summons.
However, a citation charging the offense of driving with an open container after consuming must include additional information to be considered sufficient.
(g) Pleading.-In any prosecution for a violation of subsection (a) of this section, the pleading is sufficient if it states the time and place of the alleged offense in the usual form and charges that the defendant drove a motor vehicle on a highway or the right-of-way of a highway with an open container of alcoholic beverage after drinking.
N.C. Gen. Stat. § 20-138.7(g) (2015) (emphasis added). Pursuant to the Official Commentary to Article 49, issues concerning the sufficiency of pleadings in citations are to be addressed through a Section 15A-922(c) motion.
The citation at issue here satisfied the requirements of Section 15A-302, establishing jurisdiction in the District Court division. Defendant's concern regarding sufficiency of the offense charged in the citation required an objection to trial on the citation at the district court level. Because Defendant failed to file a motion pursuant to Section 15A-922(c), he was no longer in a position to assert his statutory right to object to trial on citation, or to the sufficiency of the allegations set forth in Section 20-138.7(g).
Even if, assuming arguendo , Defendant was not required to object, the failure to comply with N.C. Gen. Stat. § 15A-924(a)(5) by neglecting to allege facts supporting every element of an offense in a citation is not a jurisdictional defect.
Our state constitution requires an indictment to allege each element as a prerequisite of the superior court's jurisdiction. "Except in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, *371 presentment, or impeachment." N.C. Const. art. I, § 22. Therefore, the constitution does not so require for a citation charging a misdemeanor to allege each element as a prerequisite of the district court's jurisdiction.
Our Supreme Court has held that "[every defendant] charged with a criminal offense has a right to the decision of twenty-four of his fellow-citizens upon the question of his guilt: first, by a grand jury [of twelve], and secondly, by a petit jury [of twelve][.]" State v. Barker , 107 N.C. 913, 918, 12 S.E. 115, 117 (1890) (citation and quotation marks omitted). That is, where the prosecutor elects to use an indictment, the superior court does not obtain jurisdiction to try a defendant unless a grand jury of twelve has first determined that probable cause exists that the defendant committed the crime. See State v. Abraham , 338 N.C. 315, 339, 451 S.E.2d 131, 143 (1994) ("It is well settled that a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." (citation and quotation marks omitted)). See also State v. Thomas , 236 N.C. 454, 458-61, 73 S.E.2d 283, 286-88 (1952). Further, our Supreme Court has instructed that "[t]o be sufficient under our Constitution, an indictment must allege lucidly and accurately all the essential elements of the offense endeavored *706 to be charged." State v. Hunt , 357 N.C. 257, 267, 582 S.E.2d 593, 600, cert. denied , 539 U.S. 985, 124 S.Ct. 44, 156 L.Ed. 2d 702 (2003) (citations and quotation marks omitted).
In sum, if an indictment is returned by a grand jury without referencing each element, it cannot be said that the grand jury found probable cause that the defendant committed the crime charged-which, under our constitution where an indictment is used, is required to empower the superior court to try the defendant.
As mentioned above, citations differ from indictments. Our constitution does not require a grand jury to make a probable cause determination for misdemeanors tried in district court as a jurisdictional prerequisite. Therefore, any failure of a law enforcement officer to include each element of the crime in a citation is not fatal to the district court's jurisdiction. Moreover, the record establishes that Defendant was apprised of the charge against him and would not be subject to double jeopardy.
Defendant's contention of error is overruled.
NO ERROR.
Judge DILLON concurs.
Judge ZACHARY dissents with separate opinion.