DILLON, Judge, concurring in part and dissenting in part.
I concur in the majority's conclusion to reject the juvenile's argument concerning the proof of ownership of the property which was allegedly damaged by the juvenile.
With respect to the juvenile's argument concerning the State's failure to plead in the petition that the owner was an entity capable of owning property, I recognize that for purposes of an indictment, such a mistake could be raised for the first time on appeal. However, I conclude that the owner's capability of owning property does not need have been pleaded with the same specificity as in an indictment. See State v. Jones , --- N.C. App. ----, ----, 805 S.E.2d 701, 705 (2017) (holding that a citation for a misdemeanor need not plead each element with the same specificity as required for an indictment).
I dissent, however, from the majority's conclusion that the matter needs to be remanded for resentencing. Here, the trial court sentenced the juvenile to an intermittent confinement. Under Section 7B-2506 of the North Carolina General Statutes, a confinement of up to 5 days is considered a level 1 disposition under subsection (12), and a confinement of up to 14 days is considered a level 2 disposition under subsection (20). N.C. Gen. Stat. § 7B-2506 (2015).
Here, as the majority points out, the trial court properly determined that the juvenile was a level 2 offender. I conclude that the trial court in the present case acted properly in sentencing the juvenile to a level 2 disposition by sentencing the juvenile to 10 days of intermittent confinement.
The "error" cited by the majority is, in reality, simply clerical. Specifically, the version of the pre-printed AOC judgment form used by *307 the trial court contains only one place where the judge can select an intermittent confinement as a disposition:
Intermittent Confinement. [ N.C.G.S. 7B-2506(12).] The juvenile be confined on an intermittent basis in an approved detention facility as follows: _____________________.
Here, the trial judge checked the box and wrote in "10 days detention," an appropriate level 2 disposition for a level 2 offender under G.S. 7B-2506(20). The "error," though, is that the form cites to subsection (12), which provides for the level 1 intermittent confinement disposition. The pre-printed form does not expressly cite to subsection (20) of G.S. 7B-2506.
I conclude that the trial judge's intent to sentence the juvenile to a 10-day confinement, an appropriate disposition for a level 2 offender, is clear: the judge wrote in "10 days detention." Of course, it would be better if the pre-printed form cited to both G.S. 7B-2506(12) and to G.S. 7B-2506(20). My vote is to affirm the order of the trial court but remand that matter to fix the clerical error to delete the reference to subsection (12) of G.S. 7B-2506 on the pre-printed form.