IN THE SUPREME COURT OF NORTH CAROLINA

No. 336A17

Filed 26 October 2018

STATE OF NORTH CAROLINA

v.

DARYL LAMONT JONES

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, ___ N.C. App. ___, 805 S.E.2d 701 (2017), finding no error in a judgment entered on 15 June 2016 by Judge George B. Collins, Jr. in Superior Court, Wake County. Heard in the Supreme Court on 16 April 2018.

> *Joshua H. Stein, Attorney General, by Robert C. Montgomery, Senior Deputy Attorney General, and Daniel P. O'Brien, Special Deputy Attorney General, for the State.*
>
> *Glenn Gerding, Appellate Defender, by James R. Grant, Assistant Appellate Defender, for defendant-appellant.*

MORGAN, Justice.

Defendant Daryl Lamont Jones was convicted of operating a motor vehicle when having an open container of alcohol in the passenger compartment while alcohol remained in his system. Defendant appealed his conviction to the Court of Appeals which, in a divided opinion, found that the citation that charged the offense was legally sufficient to properly invoke the trial court's subject-matter jurisdiction. *State v. Jones*, ___ N.C. App. ___, ___, 805 S.E.2d 701, 706 (2017). The dissenting judge did

not believe that the citation met the statutory requirements for a valid criminal pleading in this State. *Id.* at ___, 805 S.E.2d at 712. Upon review, we conclude that the citation sufficiently and properly vested the trial court with subject-matter jurisdiction in this criminal proceeding and we thus affirm the decision of the Court of Appeals.

## I. Factual and Procedural Background

On 4 January 2015, while driving his vehicle in Wake County, defendant was cited for speeding and charged with operating a motor vehicle when having an open container of alcohol while alcohol remained in his system. Defendant was not charged with driving while impaired. The fill-in-the-blanks citation form utilized by the charging officer stated that the officer

> has probable cause to believe that on . . . Sunday, the 04 day of January, 2015 at 10:16PM in the county named above [defendant] did unlawfully and willfully
>
> OPERATE A MOTOR VEHICLE ON A STREET OR HIGHWAY AT A SPEED OF 62 MPH IN A 45 MPH ZONE (G.S. 20-141(J1))
>
> and on . . . Sunday, the 04 day of January, 2015 at 10:16PM in the county named above [defendant] did unlawfully and willfully WITH AN OPEN CONTAINER OF ALCOHOLIC BEVERAGE AFTER DRINKING (G.S. 20-138.7(A))[.]

(Underlined language added by the officer to supply the pertinent information regarding the charged offenses in the blanks provided on the citation).

Defendant filed a motion to dismiss the open container charge on grounds that the citation was fatally defective such that the trial court lacked jurisdiction. The district court denied the motion and found defendant guilty as charged of both offenses. Defendant appealed his convictions to the Superior Court, Wake County. On 15 June 2016, a jury found defendant guilty of operating a vehicle while having an open container but found him not guilty of speeding. Defendant was sentenced on the same day to a twenty-day term of incarceration, which was suspended subject to six months of unsupervised probation. Defendant appealed his conviction to the Court of Appeals.

In the Court of Appeals, defendant argued that the trial court lacked jurisdiction to try him for operating a motor vehicle while having an open container because the citation purporting to charge him with that offense failed to allege all of its essential elements. *Id.* at ___, 805 S.E.2d at 705. In a divided opinion filed on 5 September 2017, the Court of Appeals found no error. The majority of the court explained that N.C.G.S. § 15A-302(c) establishes requirements for citations like the one issued here. The majority further noted that the official commentary to Article 49, "Pleadings and Joinder," which is part of the Criminal Procedure Act embodied in Chapter 15A, states that a citation, which "constitutes the 'pleading' for misdemeanor criminal cases, . . . . 'requires only that the crime be "identified." ' " *Id.* at ___, 805 S.E.2d at 703. The commentary further states that a defendant has the right under N.C.G.S. § 15A-922(c) to object to the description of the crime in a citation and

"require a more formal pleading." *Id.* at ___, 805 S.E.2d at 704 (emphasis omitted) (quoting N.C.G.S. ch. 15A, art. 49 official cmt. (2015)). Therefore, the majority concluded that "[t]o the extent there was a deficiency in the citation, [d]efendant had the right to object to trial on the citation by filing a motion" requiring that he "be charged in a new pleading," with any such objection being filed in the district court division. *Id.* at ___, 805 S.E.2d at 704 (quoting N.C.G.S. § 15A-922(c) (2015)).

The Court of Appeals majority determined that the citation complied with N.C.G.S. § 15A-302(c) because the charging instrument "properly identified the crime of having an open container of alcohol in the car while alcohol remained in his system, charged by citing N.C.[G.S.] § 20-138.7(a) and stating [d]efendant had an open container of alcohol after drinking." *Id.* at ___, 805 S.E.2d at 705. The majority reiterated that

> [b]ecause [d]efendant failed to file a motion pursuant to [N.C.G.S. §] 15A-922(c) [to object to the citation at the district court level], he was no longer in a position to assert his statutory right to object to trial on citation, or to the sufficiency of the allegations set forth in [N.C.G.S. §] 20-138.7(g).

*Id.* at ___, 805 S.E.2d at 705.

The court's majority went on to add that even assuming, *arguendo*, that defendant was not required to object to the contents of the citation, "the failure to comply with N.C.[G.S.] § 15A-924(a)(5) by neglecting to allege facts supporting every element of an offense in a citation is not a *jurisdictional* defect." *Id.* at ___, 805 S.E.2d

at 705. Unlike the requirements for an indictment, the State constitution does not require "a citation charging a misdemeanor to allege each element as a prerequisite of the district court's jurisdiction." *Id.* at ___, 805 S.E.2d at 705. As a result, "any failure of a law enforcement officer to include each element of the crime in a citation is not fatal to the district court's jurisdiction." *Id.* at ___, 805 S.E.2d at 706. Furthermore, the majority found that "the record establishes that [d]efendant was apprised of the charge against him and would not be subject to double jeopardy." *Id.* at ___, 805 S.E.2d at 706.

The dissenting judge reasoned that the citation was defective due to its failure to allege facts that "would support the elements of the offense" with which defendant was charged. *Id.* at ___, 805 S.E.2d at 712 (Zachary, J., dissenting). She disagreed with the majority's determination that defendant's failure to object to the citation in the court of original jurisdiction—here, the district court—precluded his challenge to jurisdiction. *Id.* at ___, 805 S.E.2d at 707. The dissent noted that N.C.G.S. § 15A-1446(d) allows a defendant to assert errors on appellate review based upon the failure of a pleading "to state essential elements of an alleged violation as required by [N.C.]G.S. § 15A-924(a)(5)," even if no objection was made in the trial division because a challenge to subject-matter jurisdiction can be raised at any time. *Id.* at ___, 805 S.E.2d at 707. The dissent noted that the majority opinion relied primarily on the language of N.C.G.S. § 15A-302, which describes the information that a valid citation must contain; however, the dissent distinguished between a citation used as a

process, which serves as a directive that a person appear in court and answer a misdemeanor or infraction charge or charges, and a citation used as a criminal pleading, which must assert facts supporting every element of a criminal offense and the defendant's commission thereof. *Id.* at ___, ___, 805 S.E.2d at 706, 708. The dissent concluded that the majority "fails to acknowledge this issue or to articulate a basis for applying the requirements for use of a citation as a form of process, rather than the specific statutory criteria for use of a citation as a criminal pleading." *Id.* at ___, 805 S.E.2d at 710.

For those reasons, the dissenting judge stated that she would hold that, "upon application of the plain language of the statutes governing criminal pleadings in North Carolina, the citation is invalid." *Id.* at ___, 805 S.E.2d at 707. The dissenting opinion included the following passage:

> In sum, N.C.[G.S.] § 15A-921 expressly states that a citation may serve as the State's pleading in a criminal case, and N.C.[G.S.] § 15A-924(a)(5) requires that <u>every</u> criminal pleading must contain facts supporting each of the elements of the criminal offense with which the defendant is charged. There do not appear to be *any* appellate cases holding that N.C.[G.S.] § 15A-924 does not apply to a citation used as the pleading in a criminal case. Under the plain language of these statutes, when a citation is used by the State as the pleading in a criminal case, it must—like any other criminal pleading—allege facts that support the elements of the offense with which the defendant is charged.

*Id.* at ___, 805 S.E.2d at 709. The dissent opined that the citation "fail[ed] to allege that defendant operated a motor vehicle on a public road or highway, or even that he

drove," or "that the open container of alcohol was in the passenger area of defendant's car." *Id.* at ___, 805 S.E.2d at 709. Accordingly, the dissent concluded that "[t]he citation fails to allege facts that would support two of the three elements of the offense: that defendant drove on a public highway, or that he had an open container of alcohol in the passenger area of the car." *Id.* at ___, 805 S.E.2d at 709. The dissent concluded that, "[a]s a result, the citation did not comply with the requirements of N.C.[G.S.] § 15A-924 [governing contents of pleadings] and did not confer subject matter jurisdiction upon the trial court." *Id.* at ___, 805 S.E.2d at 709.

## II. Analysis

North Carolina General Statutes section 15A-921 states: "[T]he following may serve as pleadings of the State in criminal cases:

> (1) Citation.
> (2) Criminal summons.
> (3) Warrant for arrest.
> (4) Magistrate's order . . . after arrest without warrant.
> (5) Statement of charges.
> (6) Information.
> (7) Indictment."

N.C.G.S. § 15A-921 (2017). Defendant was issued a citation for a misdemeanor offense and ordered to appear in the District Court, Wake County. "Exclusive original jurisdiction of all misdemeanors is in the district courts of North Carolina." *State v. Felmet*, 302 N.C. 173, 174, 273 S.E.2d 708, 710 (1981) (citing N.C.G.S. § 7A-272)).

The criminal pleading that initiated proceedings against defendant in the present case is a citation. "A citation is a directive, issued by a law enforcement officer

or other person authorized by statute, that a person appear in court and answer a misdemeanor or infraction charge or charges." N.C.G.S. § 15A-302(a) (2017). A law enforcement officer is authorized to "issue a citation to any person who he has probable cause to believe has committed a misdemeanor or infraction." *Id.* § 15A-302(b) (2017). Statutory mandates require that a citation:

> (1) Identify the crime charged, including the date, and where material, identify the property and other persons involved,
>
> (2) Contain the name and address of the person cited, or other identification if that cannot be ascertained,
>
> (3)  Identify the officer issuing the citation, and
>
> (4) Cite the person to whom issued to appear in a designated court, at a designated time and date.

*Id.* § 15A-302(c) (2017).

While N.C.G.S. § 15A-302 clearly establishes that a citation is sufficient to be utilized as a criminal pleading as authorized by N.C.G.S. § 15A-921(1), nevertheless, it is appropriate and instructive to reconcile the efficacy and properness of its usage in light of N.C.G.S. § 15A-924(a)(5). N.C.G.S. § 15A-924(a)(5) states that a criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation. When the

> pleading is a criminal summons, warrant for arrest, or magistrate's order, or statement of charges based thereon, both the statement of the crime and any information showing probable cause which was considered by the judicial official and which has been furnished to the defendant must be used in determining whether the pleading is sufficient to meet the foregoing requirement.

*Id.* § 15A-924(a)(5) (2017).

At first blush, it appears that the statutory provisions of N.C.G.S. § 15A-302 and N.C.G.S. § 15A-921(1), when read together, are in conflict with the terms contained in N.C.G.S. § 15A-924(a)(5). N.C.G.S. §§ 15A-302 and 15A-921(1) jointly establish that a citation sufficiently operates as a criminal pleading when it merely complies with the requirement, *inter alia*, to "[i]dentify the crime charged"; N.C.G.S. § 15A-924(a)(5), on the other hand, mandates a fuller recitation in a criminal pleading of "[a] plain and concise factual statement in each count which . . . asserts facts supporting every element of a criminal offense." This seeming inconsistency between and among the statutory enactments at issue in the present case is readily resolved by the Official Commentary to Article 49 of the North Carolina General Statutes.

While N.C.G.S. § 15A-924 sets forth specific requirements for criminal pleadings, the opening Official Commentary to Article 49, "Pleadings and Joinder"— within which N.C.G.S. § 15A-924 is found—expressly discusses citations used as pleadings. *See id.* ch. 15A, art. 49 official cmt. (2017). "[T]he commentary to a statutory provision can be helpful in some cases in discerning legislative intent." *Parsons v. Jefferson-Pilot Corp.*, 333 N.C. 420, 425, 426 S.E.2d 685, 689 (1993)

(citations omitted). The commentary to Article 49 delineates the evolution and application of different types of pleadings which are employable for the prosecution of criminal cases in North Carolina, while particularly noting the requirements that make each one legally sufficient. N.C.G.S. ch. 15A, art. 49 official cmt. In comparing and contrasting the required components of these various criminal pleadings, the Official Commentary details the salient considerations which are endemic to the first four criminal pleading forms which were recognized in this State before the introduction of the citation form: "warrants and criminal summonses in misdemeanor cases and informations and indictments in felony cases." *Id.* Concepts such as sufficiency of the pleading, the statement of the crime, a showing of probable cause, an order for arrest, an order to appear, an order of commitment or bail, and provisions for supplemental information are all identified and compared for each of the original four types of criminal pleadings in North Carolina. *Id.* On the other hand, in contrast to these other types of criminal pleadings, the Official Commentary instructs that a citation simply needs to identify the crime that is being charged:

> It should be noted that the citation (G.S. 15A-302) requires only that the crime be "identified," less than is required in the other processes. This is a reasonable difference, since it will be prepared by an officer on the scene. *It still may be used as the pleading, but rather than get into sufficiency of the pleading in such a case the [Criminal Code] Commission simply gives the defendant the right to object and require a more formal pleading.* G.S. 15A-922(c).

*Id.* (emphasis added).

Here, the fill-in-the-blanks citation form showed that the charging officer

> has probable cause to believe that on or about <u>Sunday</u>, the <u>04</u> day of <u>January</u>, <u>2015</u> at <u>10:16PM</u> in the county named above [defendant] did unlawfully and willfully
>
> <u>OPERATE A MOTOR VEHICLE ON A STREET OR HIGHWAY AT A SPEED OF 62 MPH IN A 45 MPH ZONE (G.S. 20-141(J1))</u>
>
> and on . . . <u>Sunday</u>, the <u>04</u> day of <u>January</u>, <u>2015</u> at <u>10:16PM</u> in the county named above [defendant] did unlawfully and willfully <u>WITH AN OPEN CONTAINER OF ALCOHOLIC BEVERAGE AFTER DRINKING (G.S. 20-138.7(A))</u>[.]

A studious focus on the applicable statutes, official commentaries to those statutes, and relevant case law demonstrates that the citation in the case at bar is a criminal pleading that is sufficient to authorize the trial court to exercise jurisdiction over the charged criminal misdemeanor offense, while giving appropriate notice to defendant of the offense for which he is being compelled to appear in court. The citation at issue fulfills the salient requirements of N.C.G.S. § 15A-302, and therefore this charging instrument is in compliance with the statute in that it was a directive issued by a law enforcement officer for defendant to appear in court to answer the misdemeanor charge of driving a motor vehicle on a highway while there is an alcoholic beverage in the passenger area in other than the unopened manufacturer's original container and while the driver is consuming alcohol or while alcohol remains in the driver's body, thereby satisfying N.C.G.S. § 15A-302(a); the citation was issued to defendant by the charging officer based upon the officer's determination that

probable cause existed to believe that the misdemeanor offense had been committed by defendant, thereby satisfying N.C.G.S. § 15A-302(b); and the citation identified the crime charged, contained the name and address of defendant, identified the charging officer, and directed defendant to appear in the District Court, Wake County in Courtroom 101 on Thursday, February 19, 2015 between the hours of 7:45 a.m. and 3:30 p.m., thereby satisfying N.C.G.S. § 15A-302(c).[1]

It is at this juncture in the analysis that the learned dissent in the appellate court below begins to veer from the proper course, because the dissent focuses upon the *manner* in which the statement of the charged crime is conveyed in the entirety of the citation instead of the *substance* of the statement of the charged crime in the whole citation. Although the dissent is discomforted by the fragmented language that was utilized by the charging officer in composing the details of the misdemeanor charge, nonetheless, the contents of the citation at issue as drafted by the officer comport with the substantive requirements delineated in N.C.G.S. § 15A-302(c) and suit the practical considerations afforded by the Official Commentary to Article 49, "Pleadings and Joinder," of the North Carolina General Statutes.

If defendant had concerns about the level of detail contained in the citation, N.C.G.S. § 15A-922(c) expressly provides that "[a] defendant charged in a citation with a criminal offense may by appropriate motion require that the offense be charged

---

[1] Because the speeding charge which was also alleged in the citation is not relevant to this analysis, any discussion of it is purposely omitted.

in a new pleading." *Id.* § 15A-922(c) (2017). This opportunity is afforded to a defendant in recognition of the fact that N.C.G.S. § 15A-302 "provides for a separate criminal process, applicable to any misdemeanor." N.C.G.S. § 15A-302 (2017). Additionally, in light of this classification of a citation as a "separate criminal process" that is required only to identify the crime at issue instead of providing a more exhaustive "statement of the crime" as required in the other criminal pleadings, a defendant such as the current one is given the right to object and require a more formal pleading under N.C.G.S. § 15A-922(c). *See id.* ch. 15A, art. 49 official cmt. The dissent in the appellate court below misidentifies this statutory right of a defendant to require a criminal pleading more formal than a citation while the charge is still pending in the court of original jurisdiction by conflating it with a defendant's challenge to a trial court's jurisdiction over a criminal matter that can be raised even on appeal. While a defendant is entitled to require the State to file a statement of charges if he objects to being tried by citation alone, after defendant here did not object to trial by citation in the court of original jurisdiction, he was no longer entitled to assert that right. *See State v. Monroe*, 57 N.C. App. 597, 599, 292 S.E.2d 21, 22 (1982) (citing *Felmet*, 302 N.C. 173, 273 S.E.2d 708); *see also State v. Phillips*, 149 N.C. App. 310, 318, 560 S.E.2d 852, 857, *appeal dismissed*, 355 N.C. 499, 564 S.E.2d 230 (2002). In the case at bar, because defendant did not invoke his right through an appropriate motion filed in District Court, Wake County to have the State charge him in a new pleading while the matter was still pending in its court of original

jurisdiction, defendant was precluded from challenging the citation in another tribunal on those grounds because he was no longer in a position to assert his statutory right to object to trial on citation after jurisdiction had been established and his case had been determined in district court.

Lastly, it is significant that a citation's pleading contents are deemed to be "reasonabl[y] differen[t]" from the more stringent requirements for other criminal processes because the citation "will be prepared by an officer on the scene." N.C.G.S. ch. 15A, art. 49 official cmt. This approved relaxation of the established criminal pleading contents for a citation is rooted in the realization that the execution of a law enforcement officer's investigative duties and responsibilities must embrace certain practicalities and realities. Among them is the unsettling, unpredictable, and unsecure environment in which officers routinely issue citations as they patrol and monitor the areas that they serve. An officer on his or her beat cannot reasonably be expected to utilize the same measured standards of thoroughness and exactness in syntax and grammar that a grand jury applies in its quietude in composing an indictment or a prosecutor employs in drafting an information. Based upon these and related considerations, the criminal pleading contents of a citation are designed and allowed to be more relaxed than those of other criminal charging instruments.

A citation that identifies the charged offense in compliance with N.C.G.S. § 15A-302(c) sufficiently satisfies the legal requirements applicable to the contents of this category of criminal pleadings and establishes the exercise of the trial court's

jurisdiction.  Under the facts and circumstances of the present case, the citation at issue included sufficient criminal pleading contents in order to properly charge defendant with the misdemeanor offense for which he was found guilty, and the trial court had subject-matter jurisdiction to enter judgment in this criminal proceeding. Accordingly, we affirm the decision of the Court of Appeals finding no error in the trial court's judgment.

AFFIRMED.