IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-987

Filed 18 June 2024

Dare County, No. 21CRS700707

STATE OF NORTH CAROLINA

v.

MARY CARPIO, Defendant.

Appeal by defendant from judgment entered 29 November 2022 by Judge Marvin K. Blount in Dare County Superior Court. Heard in the Court of Appeals 28 May 2024.

*Attorney General Joshua H. Stein, by Assistant Attorney General Jeanne Hill Washburn, for the State.*

*Gilda C. Rodriguez, for defendant-appellant.*

FLOOD, Judge.

Defendant Mary Carpio appeals from the superior court's judgment suspending her sentence for reckless driving. On appeal, Defendant argues the superior court: (A) lacked jurisdiction to enter judgment against Defendant, due to a fatally defective citation that did not factually allege the manner in which Defendant's driving was reckless; and (B) erred or plainly erred in instructing the jury on the reckless driving charge, as there was a fatal variance between the citation and the jury charge. After careful consideration, we conclude the superior court had

jurisdiction to enter judgment against Defendant and therefore did not err in doing so, and the superior court did not plainly err in its jury instruction on reckless driving.

## I. <u>Factual and Procedural Background</u>

On the morning of 2 March 2021, Gretchen Montague stopped her vehicle at the traffic light by the YMCA and Dowdy Park, on NC Highway 158 in Dare County, North Carolina. This location was within a school zone, the speed limit was thirty-five miles per hour, and traffic was heavy. Ms. Montague was driving in the left lane, and next to her at the light, in the right lane, was a flat-bed eighteen-wheeler. While at the light, Ms. Montague noticed that Defendant, who was driving a van immediately behind her and with a passenger in the passenger seat, was making hand gestures. Ms. Montague interpreted these gestures to mean that Defendant wanted her to drive forward, and Ms. Montague pointed at the red traffic light. When the traffic light turned green, Ms. Montague proceeded through the intersection at thirty-five miles per hour.

Ms. Montague's vehicle exited the school zone, at which point she merged into the right lane ahead of the eighteen-wheeler, and Defendant's van merged behind her. Ms. Montague then merged back into the left lane, whereupon she found herself driving next to Defendant's van for approximately 500 yards at approximately sixty miles per hour. As they drove alongside each other, Ms. Montague observed: Defendant appeared upset and was being antagonized by the passenger of the van; Defendant took her shirt off, and appeared to flex her muscles; and Defendant made

hand gestures, which Ms. Montague interpreted to mean Defendant wanted Ms. Montague to pull over. Ms. Montague then sped ahead in the left lane and merged back into the right lane.

At this point, Defendant's van was in the left lane, and Ms. Montague slowed down so Defendant could go past her. Instead, Defendant merged back into the right lane ahead of Ms. Montague and applied her brakes. Ms. Montague did not stop in time to avoid colliding with Defendant's van and rear-ended the van. Ms. Montague later testified that she was traveling between fifty and sixty miles per hour when she collided with the van, and that this collision happened approximately three miles away from the YMCA stoplight. Upon collision, Ms. Montague hit her head and her vehicle sustained damages, which cost $4,843.83 to repair.

Nags Head Police Department Patrol Officer Christian Aguirre eventually arrived at the scene, at which point the two vehicles had pulled over to the grassy shoulder of the road. Officer Aguirre did not observe any tire or skid marks on the road and observed that the traffic was light. Officer Aguirre spoke with Defendant, and she twice admitted to him that she had "intentionally brake-checked" Ms. Montague. Officer Aguirre later testified that, based on his experience in conducting traffic crash investigations: he listed Ms. Montague's vehicle as driving forty-five miles per hour in a fifty mile-per-hour zone at the time of the collision; he did not know whether Defendant's vehicle came to a complete stop; and he could not say how far apart the vehicles were when Defendant applied the brakes to her van. Officer

Aguirre further testified that, while the driver who collides from behind is typically responsible, he cited Defendant for reckless driving based on his determination that Defendant operated her vehicle in a careless manner, as Defendant twice stated that she "intentionally brake-checked" Ms. Montague.

Officer Aguirre issued Defendant a citation for Reckless Driving (the "Citation"). The Citation provides that Defendant did "operate a motor vehicle on a street or highway carelessly and heedlessly in willful and wanton disregard of the rights and safety of others" in violation of N.C. Gen. Stat. § 20-140(a) (2023). Further, the Citation: contains Defendant's name and address; identifies Officer Aguirre as the officer issuing the citation; cites Defendant to appear in Dare County District Court at a designated time and date; and references under its "Officer Comments" section, Officer Aguirre's "Crash Report," which includes a narrative of the events leading up to the crash and the resulting citation. The Crash Report states, in pertinent part, that Defendant "slammed on [her] breaks [sic], which forced [Ms. Montague] to swerve to avoid a collision[,]" and that Defendant "admitted two times to [Officer Aguirre] that she did 'break[-]check [sic]'" Ms. Montague.

On 18 November 2021, this matter came on for hearing before the Dare County District Court. The Record contains nothing that suggests, before or during the district court hearing, Defendant objected to the Citation. Following the hearing, Defendant was found guilty, and the district court issued against her a Judgment Suspending Sentence. Defendant gave notice of appeal to the superior court, and

prior to the hearing, Defendant made a motion to dismiss the reckless driving charge, alleging the Citation was defective as it failed to include "any specific factual detail." The superior court denied this motion.

On 28 November 2022, this matter came on for a jury trial before the superior court. During evidence, in addition to hearing testimony from Defendant, Ms. Montague, and Officer Aguirre, the jury was presented with portions of Officer Aguirre's bodycam footage, which included footage of Defendant twice admitting to intentionally brake-checking Ms. Montague. Following evidence, during the charge conference, Defendant's counsel objected to a reckless driving jury instruction on the ground that the alleged conduct to be included in the instruction "[w]as not present in the pleadings[,] . . . [which] amounts to an alteration of this charge cited." The superior court overruled this objection.

The superior court thereafter provided its jury instruction, which included, in pertinent part:

> [I]n this case [D]efendant has been charged with reckless driving. For you to find [D]efendant guilty of this offense, the State must prove two things beyond a reasonable doubt. First, that [D]efendant drove a vehicle upon a highway. U.S. 158 in Dare County is a highway. Second, that she drove that vehicle by aggressively passing the vehicle operated by Ms. Montague and abruptly applying the brakes causing a crash from the rear. And that in doing so, she acted carelessly and heedlessly in willful or wanton disregard of rights or safety of others.

On 29 November 2022, the jury returned its verdict, finding Defendant guilty of

"reckless driving- carelessly and heedlessly[.]" The superior court thereafter entered its judgment, sentencing Defendant as a prior misdemeanor conviction level III and to a term of sixty days' imprisonment in a misdemeanant confinement program. Defendant timely appealed.

## II. Jurisdiction

Appeal to this Court lies of right from the final judgment of a superior court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2023).

## III. Analysis

On appeal, Defendant argues the superior court: (A) lacked jurisdiction to enter judgment against Defendant; and (B) erred or plainly erred in instructing the jury on the charge of reckless driving based on a manner of driving not alleged in the Citation. We address each argument, in turn.

### A. The Superior Court's Subject Matter Jurisdiction

Defendant argues the superior court did not have jurisdiction to enter judgment against Defendant, as the Citation failed to allege the factual circumstances supporting the charge. Defendant specifically contends the Citation did not contain a description of Defendant's specific actions that allegedly constituted reckless driving, such that the citation was defective. Upon review, we find the superior court had jurisdiction to enter judgment against Defendant.

"A facially invalid indictment deprives the trial court of jurisdiction to enter judgment in a criminal case." *State v.* Haddock, 191 N.C. App. 474, 476, 664 S.E.2d

339, 342 (2008) (citations omitted). "The subject matter jurisdiction of the trial court is a question of law, which this Court reviews *de novo* on appeal." *State v. Barnett*, 223 N.C. App. 65, 68, 733 S.E.2d 95, 98 (2012) (citation omitted). "Under a *de novo* review, th[is] [C]ourt considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632–33, 669 S.E.2d 290, 294 (2008) (citations and internal quotation marks omitted).

N.C. Gen. Stat. § 15A-922 governs the use of citations as criminal pleadings of the State for misdemeanor offenses prosecuted in district court, and regarding a defendant's objection to a trial by citation, the statute provides:

> A defendant charged in a citation with a criminal offense may by appropriate motion require that the offense be charged in a new pleading. The prosecutor must then file a statement of charges unless it appears that a criminal summons or a warrant for arrest should be secured in order to insure the attendance of the defendant, and in addition serve as the new pleading.

N.C. Gen. Stat. § 15A-922(c) (2023). Following a defendant's appropriate motion, "[t]he statement of charges, summons, or warrant may then be subjected to the scrutiny argued for by [the d]efendant. However, a defendant must file his or her objection to the citation *in the district court division*." *State v. Jones*, 255 N.C. App. 364, 368, 805 S.E.2d 701, 704 (2017) (emphasis added); *see also State v. Phillips*, 149 N.C. App. 310, 318, 560 S.E.2d 852, 857 (2002) ("[The] defendant's objection to trial by citation must be asserted in the court of original jurisdiction, in this case, the district court." (citation omitted)).

In *State v. Monroe*, upon appeal from sentencing in district court for driving under the influence ("DUI") and driving while license revoked, the defendant argued before the superior court that there was a jurisdictional defect for his DUI charge, as the relevant citation was defective. 57 N.C. App. 597, 598, 292 S.E.2d 21, 21 (1982). The superior court issued a judgment upholding the district court's sentencing of defendant and the defendant appealed to this Court, whereupon we provided, regarding N.C. Gen. Stat. § 15A-922(c):

> Had [the] defendant filed his motion prior to his trial at district court, the statute would indeed have precluded his trial on the citation alone. This statutory right applies only to the court of original jurisdiction, however. The appellate jurisdiction of the superior court is derivative in nature. Once jurisdiction had been established and [the] defendant had been tried in district court, therefore, he was no longer in a position to assert his statutory right to object to trial on citation when he appealed to superior court.

*Id.* at 598–99, 292 S.E.2d at 22 (citation omitted). Per this articulated standard, we concluded the superior court had jurisdiction to try Defendant's DUI charge, and therefore found no error in the superior court's judgment. *See id.* at 599, 292 S.E.2d at 22.

Here, following appeal from the district court and prior to hearing before the superior court, Defendant moved to dismiss the reckless driving charge, arguing the Citation was defective in that it failed to allege "any specific factual detail." Per North Carolina law, however, for a defendant to properly object to a trial by citation, he must make such objection before the court of original jurisdiction. *See Jones*, 255

- 8 -

N.C. App. at 368, 805 S.E.2d at 704; *see also Phillips*, 149 N.C. App. at 318, 560 S.E.2d at 857; *Monroe*, 57 N.C. App. at 598–99, 292 S.E.2d at 22. Where a defendant fails to do so, he has waived that statutory right on appeal. *See Monroe*, 57 N.C. App. at 598–99, 292 S.E.2d at 22.

The instant case was first heard in the district court—the court of original jurisdiction—and the Record on appeal contains no evidence that Defendant objected to trial by citation before the district court. As such, upon her appeal to the trial court, Defendant—like the defendant in *Monroe*—was no longer in a position to assert her statutory right to object to trial by citation. *See id.* at 598–99, 292 S.E.2d at 22. The superior court's appellate jurisdiction over Defendant's case was derivative in nature, and as Defendant had been fully tried in district court, regardless of any defect in the Citation, the superior court had jurisdiction to try, and enter judgment against, Defendant. *See id.* at 598–99, 292 S.E.2d at 22. Accordingly, upon our *de novo* review, we find no error in the superior court's entry of judgment against Defendant. *See id.* at 599, 292 S.E.2d at 22; *see also Barnett*, 223 N.C. App. at 68, 733 S.E.2d at 98.

### B. Fatal Variance

Defendant next argues the superior court erred or plainly erred by instructing the jury on the reckless driving charge, as there was a fatal variance between the instruction and the Citation. Defendant specifically contends the jury instruction was based on a manner of driving not alleged in the Citation, and that preparation of

Defendant's defense was therefore prejudiced. We disagree.

As an initial matter, we must address whether this issue is preserved for our appellate review. Under Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure,

> [i]n order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

N.C.R. App. P. 10(a)(1). Defendant's counsel, here, objected to the superior court's jury instruction on the reckless driving charge before the superior court, where he provided the alleged conduct to be included in the instruction "[w]as not present in the pleadings and that it amount[ed] to an alteration of this charge cited." While this would seemingly constitute a timely objection to the superior court's jury instruction per Rule 10(a)(1), this Court has provided that, where a defendant does not timely move to dismiss a charge in question, he fails to preserve for appeal any argument that there was a fatal variance between the jury instruction on that charge and the relevant criminal pleading. *See State v. Gettleman*, 275 N.C. App. 260, 271, 853 S.E.2d 447, 454 (2020) (determining that the defendant failed to preserve an argument that the jury instructions and indictment created a fatal variance because the defendant failed to move to dismiss the charge in question). As discussed above, Defendant failed to timely move to dismiss the Citation, and as such, has failed to preserve for our review any argument as to the superior court's jury instruction on

reckless driving. *See id.* at 278, 862 S.E.2d at 458.

Where a criminal defendant has failed to preserve an argument for our appellate review, we may review his argument for plain error, but only if the defendant "specifically and distinctly" contends the alleged error amounted to plain error. *State v. Lawrence*, 365 N.C. 506, 516, 723 S.E.2d 326, 333 (2012). Under a plain error review, the defendant must demonstrate that the alleged error was prejudicial to his case. *See id.* at 518, 723 S.E.2d at 334. An error is prejudicial where "the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002); *see also State v. Collington*, 375 N.C. 401, 405, 847 S.E.2d 691, 695 (2020).

Here, Defendant provides in her appellate brief that "[s]hould this Court find that this issue was not preserved for appellate review, [Defendant] requests review of the [superior] court's instruction on reckless driving, as she specifically and distinctly contends the [superior] court committed plain error." As such, we review Defendant's fatal variance argument for plain error. *See Lawrence*, 365 N.C. at 516, 723 S.E.2d at 333.

Under North Carolina law,

> [w]hen allegations asserted in a[ criminal pleading] fail to conform to the equivalent material aspects of the jury charge, our Supreme Court has held that a fatal variance is created, and the [criminal pleading] is insufficient to support that resulting conviction. Furthermore, for a variance to warrant reversal, the variance must be material, meaning it must involve an essential element of

the crime charged. The determination of whether a fatal variance exists turns on two policy concerns, namely, (1) insuring that the defendant is able to prepare his defense against the crime with which he is charged and (2) protecting the defendant from other prosecution for the same incident. However, a variance does not require reversal unless the defendant is prejudiced as a result.

*State v. Cheeks*, 267 N.C. App. 579, 612–13 833 S.E.2d 660, 682 (2019) (citation and internal quotation marks omitted). As to the elements of reckless driving, a person commits this criminal offense when he "drives any vehicle upon a highway or any public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights or safety of others[.]" N.C. Gen. Stat. § 20-140(a) (2023); *see also State v. Haizlip*, 248 N.C. App. 303, 790 S.E.2d 754, 2016 WL 3584550, at \*6 (2016) (unpublished) (concluding there was sufficient evidence of the defendant's reckless driving where the State presented evidence the defendant, *inter alia*, "accelerated through a yield sign forcing another driver to apply his brakes to avoid colliding with" the defendant).

Here, Defendant argues the variance between the Citation and the jury instruction prejudiced preparation of her defense for the reckless driving charge, as, if she had known that "abruptly applying the brakes" was the conduct for which she would be charged with this offense, "she may have opted not to testify or have better explained the circumstances that led to utilize her brake." This argument is disingenuous, as per the Record on appeal, referenced under the "Officer Comments" section of the Citation is Officer Aguirre's "Crash Report," which provides that

Defendant "slammed on [her] brakes, which forced [Ms. Montague] to swerve to avoid a collision[,]" and "admitted two times to [Officer Aguirre] that she did 'brake check'" Ms. Montague. This is certainly conduct that could amount to driving a vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others[,]" and its inclusion in a criminal pleading would apprise a defendant of the conduct upon which a reckless driving charge is based. N.C. Gen. Stat. § 20-140(a); *see also Haizlip*, at *6.

While Officer Aguirre's allegations of Defendant's conduct were not contained in the body of the Citation, North Carolina courts recognize the "long-standing principle of substance over form when analyzing the sufficiency of an indictment[,]" and the "form" of a misdemeanor citation is subject to an even less scrutinous standard than that of an indictment. *State v. Newborn*, 384 N.C. 656, 657, 887 S.E.2d 868, 870 (2023) ("Because the indictment here alleged facts to support the essential elements of the crimes with which [the] defendant was charged such that [the] defendant had sufficient notice to prepare his defense, the indictment is valid."); *see also State v. Jones*, 371 N.C. 548, 557, 819 S.E.2d 340, 346 (2018) (providing that, in issuing a misdemeanor citation, "[a]n officer on his or her beat cannot reasonably be expected to utilize the same measured standards of thoroughness and exactness . . . that a grand jury applies in its quietude in composing an indictment or a prosecutor employs in drafting an information").

Accordingly, as the Citation incorporates by reference Officer Aguirre's Crash

Report, which in turn contains allegations of Defendant slamming her brakes in front Ms. Montague's vehicle and twice admitting to this conduct, we cannot say that Defendant was uninformed of the factual allegations upon which the reckless driving charge was premised, nor that her preparation of her defense was prejudiced. *See Cheeks*, 267 N.C. App. at 612–13, 833 S.E.2d at 682; *see also* N.C. Gen. Stat. § 20-140(a); *Haizlip*, at *6.

We note that, in her reply brief, Defendant contends the Crash Report was not provided to Defendant with the Citation, and that her counsel was unable to obtain a copy of it from the clerk's office or the State. Based on this contention, Defendant argues that her defense preparation was prejudiced. As this Court has held, however, "a reply brief is not an avenue to correct the deficiencies contained in the original brief[,]" and any argument not contained in the original brief will be treated as abandoned. *State v. Dinan*, 233 N.C. App. 694, 698–99, 757 S.E.2d 481, 485 (2014) (citations omitted); *see also* N.C.R. App. P. 28(b)(6) ("Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). As such, this argument is treated as abandoned and will not be considered by this Court.

Since, as discussed above, the Citation incorporated by reference the Crash Report and the alleged conduct contained therein, and Defendant therefore was able to prepare her defense, assuming there was a variance between the Citation and the superior court's jury charge, Defendant suffered no prejudice as a result of the

variance. *See Cheeks*, 267 N.C. App. at 612–13, 833 S.E.2d at 682. Further, assuming again there was a variance and the superior court's jury instruction on reckless driving was therefore improper, the jury heard Officer Aguirre's uncontroverted testimony that Defendant twice admitted to intentionally brake-checking Ms. Montague, and saw body-cam footage of Defendant making these admissions. *See* N.C. Gen. Stat. § 20-140(a); *see also Haizlip*, at *6. In consideration of this properly-admitted evidence, together with the Citation's reference to the Crash Report, we conclude any error here was not "so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002). The superior court committed no plain error.

## IV. <u>Conclusion</u>

We conclude that, as Defendant failed to bring timely objection in, and had been fully tried by, the district court, the superior court had jurisdiction to enter judgment against Defendant and therefore did not err in doing so. Further, assuming there was variance between the misdemeanor citation and the jury charge, Defendant has failed to demonstrate any prejudice as a result of this variance, and the superior court therefore committed no plain error in its jury instruction.

NO ERROR in part, and NO PLAIN ERROR in part.

Judges GRIFFIN and THOMPSON concur.